EUGENE DE VOEGLER, BY NEXT FRIEND, V. WESTERN UNION TELEGRAPH COMPANY.

No. 510.

**Mental Suffering—Failure to Receive Money Promptly.**—Plaintiff, an inexperienced youth, was away from home, among strangers, and without money. Through failure of defendant to promptly deliver a money telegram, he was compelled to remain there a week, "suffering great mental anguish and distress of mind, and mortification at being among strangers without money to pay his board, and feeling that he was looked on with suspicion." *Held*, that such mental anguish afforded no cause of action for damages.

APPEAL from Grayson. Tried below before Hon. T. J. BROWN.

*E. C. McLean*, for appellant.—The mental suffering, anxiety, and humiliation of plaintiff, caused by the failure of defendant to carry out its contract, was a proper element of damages in this case; the defendant having been informed at the time of entering into the contract that such mental suffering, anxiety, and humiliation would result from its failure to deliver the money by telegraph at once. Tel. Co. v. Simpson, 73 Texas, 422.

*W. W. Wilkins*, for appellee.—The mental suffering in this case afforded no ground for recovery. Rowell v. Tel. Co., 75 Texas, 26.

LIGHTFOOT, CHIEF JUSTICE.—The following is the substance of appellant's petition, omitting the formal portions:   (Appellant was the plaintiff below.)

"That heretofore, to wit, on the 4th day of May, 1891, the plaintiff, who is a young and inexperienced youth, was at No. 4. Fallkill Place, Poughkeepsie, New York, and being among strangers and desiring to get home to Sherman, Texas, had requested his mother, Mrs. M. B. Ricketts, then in Sherman, Grayson County, Texas, to send him money immediately.   That on the 4th day of May, 1891, his mother applied to the defendant corporation to have said defendant send and deliver immediately to plaintiff, at No. 4 Fallkill Place, Poughkeepsie, New York, the sum of $30, and on said May 4th his mother paid over and delivered to said defendant the sum of $30, and also in addition to said $30, paid defendant the further sum of $2.30, in consideration of which defendant then and there entered into a contract with the mother of plaintiff, the said Mrs. M. B. Ricketts, to transmit immediately to plaintiff, at No. 4 Fallkill Place, Poughkeepsie, New York, the said sum of $30 then and there paid over and delivered to the defendant by plaintiff's mother, Mrs. M. B. Ricketts, to be delivered to plaintiff by defendant.

"That at the time said contract was entered into between the mother of plaintiff and the defendant, the said defendant was fully informed that plaintiff was a young and inexperienced youth, away from home, among strangers, and that it was necessary to transmit said money immediately, and that plaintiff would be worried, harassed, and suffer much anxiety, mental distress, and mortification unless said money was immediately transmitted, and that it was to prevent plaintiff from thus suffering that the large fees demanded by defendant were paid, and that said plaintiff was then at No. 4 Fallkill Place, Poughkeepsie, New York.   That said contract was entered into for the benefit of plaintiff, and to relieve the necessities of plaintiff; that defendant willfully, negligently, and maliciously failed and refused to deliver said money as it had contracted to do, to plaintiff's damage, $1006.

"That in consequence of defendant's failure to deliver said money as it had contracted to do, plaintiff has suffered pecuniary damages by being compelled to remain in said city of Poughkeepsie, State of New York, and pay board to the amount of $6, which he would not have done had defendant carried out its contract; and suffered great mental anguish and distress of mind and mortification at being at a strange place among strangers, without money to pay his board, and feeling that he was looked on with suspicion, and that said pecuniary damages, mental anguish, and distress of mind and mortification were the direct and natural results of the failure of defendant to transmit said money, as it had contracted to do, and defendant was fully informed that said result would follow any failure on its part to carry out said contract, and were contemplated when said contract was entered into.

"Wherefore plaintiff says, that by the willful, malicious, and negligent failure of defendant to carry out said contract he has been damaged in the sum of $1006, and the said sum paid out for board, which defendant refuses to pay, wherefore plaintiff sues for said $1006, and prays that defendant be cited," etc.

Appellee filed general and special demurrers to the above petition, the general demurrer being in the usual form, and the fourth and fifth special demurrers being as follows:

"4. The allegations as to mental suffering, anxiety, and humiliation constitute no legal action or demand against the defendant.

"5. It appears that the court has no jurisdiction of the subject matter of this action."

The general demurrer and fourth and fifth special demurrers were sustained; the plaintiff declined to amend, and judgment final was rendered for defendant, from which this appeal was taken.

We find no error in the judgment. If appellant, or his mother on his behalf, made a contract with appellee for the transmission of money to appellant, and the contract was violated by appellee, the measure of damages would be such as was reasonably within the contemplation of the parties at the time the contract was made.

It could not have been within the reasonable contemplation of the parties that appellant was so morbidly sensitive as to suffer great mental anguish and fear of being looked upon with suspicion, for the simple reason that he did not receive a remittance of money promptly. If so, every debtor who fails to pay his grocery bills promptly might be subject to the same measure of damages, because his grocer happened to be a morbidly sensitive man, who might suffer humiliation, anxiety, and mental torture because his own bills were left unpaid, and others might look upon him with suspicion and distrust. Rowell v. Tel. Co., 75 Texas, 26; Tel. Co. v. Smith, 76 Texas, 253.

The petition sets out no valid cause of action for mental suffering, and the court had no jurisdiction of the $6 account.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered March 13, 1895.

Writ of error refused.