WESTERN UNION TELEGRAPH COMPANY
v. JAMES BOOTS.

No. 1885.

1. **Telegraph Company—Negligence—Prima Facie Case.**—Where plaintiff makes out a prima facie case of negligence in the delivery of a telegram, it is incumbent on the telegraph company to show not merely that its wire was out of order, but also that such condition was not its fault.

2. **Charge of Court—Pleading and Evidence Warranting Issue.**—Where the defendant telegraph company pleads that the delay was caused by its wires being out of order without its fault, and there is evidence that the delay was caused by a swinging wire, it is proper for the charge of court to submit the issue of defendant's negligence in respect to the condition of its wires.

3. **Charge on Weight of Evidence.**—For the court to tell the jury that a given circumstance, such as error in transmitting the name "Booth" instead of "Boots," is as objectionable as to tell them that a given circumstance is sufficient proof of negligence.

4. **Telegraph Company—Interstate Message.**—In an action in a court of Texas for negligent delay in the delivery of a message, the laws of Texas are applicable, although the message is an interstate one.

5. **Same—Fact Case.**—For facts held sufficient to warrant a verdict against a telegraph company for negligent delay in the delivery of a message, see the opinion.

APPEAL from Cooke.   Tried below before Hon. D. E. BARRETT.

*Wilkins & Vinson* and *Stanley, Spoonts & Meek,* for appellants.—1.   The court erred in submitting the question of negligence in respect to the condition of appellant's wires, for the reason that there was no testimony tending to show any negligence on the part of the defendant in that regard, or to justify the submission of the question of negligence in respect to the condition of said wires; and for the further reason, that there was no pleading authorizing or requiring such an issue to be submitted to the jury.   Tel. Co. v. Bennett, 1 Texas Civ. App.,558.

2.   The mere fact that plaintiff's name was changed from Boots to to Booth in the transmission of the message in suit, is not of itself sufficient proof of negligence in the transmission and delivery of said message, and the court should have so charged.   Tel. Co. v. Neill, 57 Texas, 283; Womack v. Tel. Co., 58 Texas, 176; Tel. Co. v. Hearne, 77 Texas, 83; Tel. Co. v. Edsall, 63 Texas, 668; Tel. Co. v. Smith, 3 Wills. C. C., sec. 62.

3.   The verdict was unsupported by the evidence, and is contrary to the law and the evidence, because the proof showed that the contract under which said message was to be transmitted and delivered was made in Oklahoma Territory, and was to be partly performed in said Territory and partly in the State of Texas, and is therefore an interstate message, and must be governed by the common law as administered in the United States courts, and under the decisions of those courts there can be no recovery for mental distress alone, unconnected with physical injuries.   Railway v. Sherwood, Thompson & Co., 84 Texas, 125; Welton v. The State of Missouri, 1 Otto, 775; Tel. Co. v. Pendleton, 122 U. S., 347; Tel. Co. v. The State of Texas, 105 U. S., 460; Tel. Co. v. Wood, 57 Fed. Rep., 471.

*J. E. Hayworth* and *Potter, Potter & Cofer,* for appellee.—The testimony having shown that the defendant's wires were not in working order on the morning of April 20, 1893, the issue was raised as to what caused the condition of the wire, and the court of necessity was required to present that issue to the jury, which he did correctly.   Baldwin v. Tel. Co., 45 N. Y., 744; Tel. Co. v. Hope, 11 Brad., 289; Grey on Telegraphy, secs. 53, 54, 77; Bartlett v. Tel. Co., 62 Me., 209; Tyler v. Tel. Co., 60 Ill., 421; 74 Ill., 168; Tel. Co. v. Fontain, 58 Ga., 433; Tel. Co. v. Griswold, 37 Ohio St., 301; Tel. Co. v. Meek, 40 Ind., 53.

STEPHENS, ASSOCIATE JUSTICE.—The message— "Noble, O. T., 4/19/1893.   To James Boots, Gainesville, Texas;   Come at once. Wife dying.   Team will wait here for you.   J. B. Couch"—was received at Noble, Oklahoma Territory, by appellant's agent, a little after midnight, April 19, 1893.   It left Noble at 8:13 a. m., April 20th, and reached Gainesville at 9:30 a. m. of that day.   The north-bound train left Gainesville at 9 a. m., which appellee would have taken, thereby

reaching his wife before her death, had he received the message five or six minutes before 9.

The evidence tended to show that the message ought to have reached Gainesville and been delivered by 8:30, and that the delay was due to the negligence of appellant. It should have left Noble at least by 8; and although it had to pass through the "relay" offices at Arkansas City, Kansas City, and Dallas, fifteen minutes at Kansas City and five minutes at each of the other places gave sufficient time, according to the evidence, to make the transfers, the transit between points being instantaneous. A "swinging" wire, however, north of Parsons, Kas., seems to have caused the delay.

One special defense alleged in the answer of appellant was, that if the message had been delayed, "the same was caused by the defendant's wires being out of working order, such condition being without fault or want of care on the part of defendant." The evidence tended to prove that it was within appellant's power to show what caused the wires to be out of working order, but this it did not attempt to do.

Having made a prima facie case of negligence by showing the delay, apparently due to neglect, it was not incumbent on appellee, in the first instance, to do more. On the other hand, appellant having undertaken to account for this delay, should have gone further, and shown that it was not the fault of the company.

The third paragraph of the charge, to the effect that appellant had the right to establish and maintain relay offices and fix reasonable business hours, was all that the evidence or the closing argument of appellee's counsel required. The first assignment is therefore overruled.

The objection to the fourth paragraph of the charge, in that it submitted the issue of negligence in respect to the condition of the wires, is not tenable on either of the grounds urged, namely, (1) that the evidence did not raise the issue; (2) that the pleadings did not raise the issue. As already seen, both by the pleading and evidence of appellant, this matter was put in issue. The second assignment is therefore overruled.

Appellant's requested charge number 2 was properly refused, because, for the court to tell the jury that a given circumstance is "not of itself sufficient proof of negligence," as there requested, in reference to the error in transmitting the name "Booth" instead of "Boots," is as objectionable as to tell them that a given circumstance is sufficient proof of negligence. This overrules the fourth assignment.

The above conclusions of fact overrule the fifth assignment, complaining of the insufficiency of the evidence to support the verdict. The evidence tended to show that appellee was at his usual place of business in Gainesville when the message should have been received, and that within five minutes after receiving it he could and would have taken the train. He testified, that if it had been received before 9 o'clock, he could and would have reached his wife before she died.

No objection is made to the amount of the verdict.

The only remaining assignment is the sixth, complaining of the verdict, because the evidence showed the message to be an interstate one, and therefore that the law of Texas is not applicable. This assignment we also overrule; and as none others are found in the brief, the judgment is in all things affirmed.

*Affirmed.*

Delivered May 29, 1895.