Western Union Telegraph Company v. D. H. McNairy.

Decided January 30, 1904.

**1.—Law of Another State—Common Law—Proof of.**

Where the proof to show that damages against a telegraph company for mental anguish could not be recovered in New Mexico consisted merely of provisions of the Compiled Laws of New Mexico to the effect that the common law rule of practice and decision prevails in that Territory, and that appeals from the courts thereof are to the United States Circuit Court of Appeals, this was insufficient in the absence of any showing as to how the Supreme Court of New Mexico and the tribunal having revisory power over its decisions hold on the question.

**2.—Telegraph Company—Mental Anguish—Pleading—Special Damages.**

In an action to recover damages for failure to deliver a message announcing the death of a brother of plaintiff's wife whereby she was deprived of opportunity to have the body brought home for burial proof to show that the person sending the message was without money to properly dress the body, and that it was buried by strangers, and that plaintiff's wife suffered humiliation by reason of such facts, was not admissible in the absence of pleading specially setting forth such facts, since such humiliation was a special or remote consequence for the defendant's breach of duty.

**3.—Same—Charge Misleading.**

In view of the absence of such special pleading and the admission of the evidence as to the facts indicated and the resultant humiliation, a charge to the effect that when the nature and importance of a telegraphic message are apparent from the terms used, no further explanation is required in order to render the company liable for negligence, was misleading, since it was properly applied by the jury in the consideration of the facts so improperly admitted in evidence.

Appeal from the District Court of Mitchell. Tried below before Hon. L. Shepperd.

*Homan & Homan,* for appellant.

*M. Carter* and *E. W. Bounds,* for appellee.

CONNER, Chief Justice.—Appellee sued to recover damages for mental anguish, suffered by his wife, caused by delay in the transmission and delivery of the following telegraphic message, dated Portales, New Mexico, May 27, 1902: "To Frank N. Johnson, Colorado, Texas: Tell Mrs. McNairy her brother Gid Hunter was killed here to-day. Wire what to do with body. (Signed) C. J. Lamb."

The defendant pleaded the general denial, and specially that the damages sought were not recoverable under the laws of New Mexico, where the contract was entered into. A trial, however, resulted in a verdict and judgment for appellee in the sum of $585 on substantially the following facts as shown in appellant's brief:

"Gid Hunter, the brother of plaintiff's wife, was shot and killed at Portales, New Mexico, at 5 o'clock p. m., May 27, 1902. The message sued on was filed with the agent of defendant at Portales at 7 p. m. the same day. The message was not received at Colorado until 7:32 p. m. of May 28, 1902, and the contents were repeated by telephone to George Root, who was the deputy of Johnson, the addressee, the latter being

sheriff of the county. Gid Hunter was buried at Portales between 11. a. m. and 1 p. m. May 28,. 1902. Plaintiff's wife testified that she wished the body of her brother buried at her home, Colorado, Texas,. and that if the message had been promptly transmitted and delivered she could and would have instructed Lamb to ship it to Colorado for burial, and Lamb testified that he would have complied with such request. The office hours of defendant at Portales and Colorado were from 8 o'clock a. m. to 8 p. m. The first train leaving Portales in the direction of Colorado was at 2:10 p. m. May 28th, reaching Pecos, the connection with the Texas & Pacific Railroad, at 11:35 of May 29th, and the train reached Colorado from Pecos, at 9:45 p. m. of the last named date. At 3 a. m. of the morning following Hunter's death his remains 'smelled very bad.' In the judgment of the witness, the body could not have been kept for thirty-six hours, and it is very doubtful if it could have been kept for twenty-four hours in a condition for shipment. The weather was warm, there was no one in or near Portales prepared to embalm bodies, ice is not obtainable in Portales at all times, and it is doubtful if it could have been had at that time in sufficient quantity to ship the body in."

The principal question presented is that raised by appellant's special plea. Appellant read in evidence "provisions of the Compiled Laws of the Territory of New Mexico, to the effect that the common law rule of practice and decision prevails in said Territory; that the district courts there have jurisdiction of suits where the matter in controversy exceeds one hundred dollars; that appeals lie from the judgments of the district court to the Supreme Court of said Territory, the decrees of which are subject to review by the United States Circuit Court of Appeals; and that the judges of the several courts named are appointed by the President of the United States, by and with the advice and consent of the Senate."

In the case of Telegraph Co. v. Cooper, 29 Texas Civ. App., 591, 5 Texas Ct. Rep., 543, in which writ of error was refused, this court held that a contract made in Texas for the transmission and delivery of a telegram to a person beyond the limits of the State was to be construed in accord with the laws of Texas authorizing recovery of damages resulting solely from mental anguish by reason of actionable breach of such contract. This holding seems to be in harmony with the principles announced in Story on Conflict of Laws, 8 ed., pp. 425, 427; Scudder v. Bank, 91 U. S., 412, 23 L. Ed., 249; L. & G. Steam Co. v. Phenix Ins. Co., 129 U. S., 397, 32 L. Ed., 789. The cases of Gray v. Telegraph Co., 56 Law. Rep. Ann., 301, by the Supreme Court of Tennessee, and Telegraph Co. v. Boots, 10 Texas Civ. App., 540, 31 S. W. Rep., 825, by this court, are relied upon as authority for the proposition. that in cases of telegrams delivered at points beyond the State for transmission and delivery at points within, damages as herein sought are recoverable in our courts upon proof of breach of the contract, regardless of the laws of the State or Territory where the contract was entered.

into. And such in effect has been expressly so held in Telegraph Co. v. Blake, 29 Texas Civ. App., 224, 68 S. W. Rep., 526, by the Court of Civil Appeals for the Fourth District, not cited by appellee. We have concluded, however, that we need not determine the effect of these conflicting, or apparently conflicting, cases, and will hence not discuss them further than to note that the decision in Gray v. Telegraph Co. was expressly predicated upon Tennessee statutes held to there impose a liability, and that in Telegraph Co. v. Boots the transcript discloses the fact that proof of the rule of decision in the Territory from whence the telegram in that case was sent was not made. So here, the evidence quoted, we think, fails to support appellant's special plea. The laws quoted do not in terms do so, and no decision of the Supreme Court of New Mexico, or of any tribunal having revisory powers over the same, has been cited, nor have we been able to find any to the effect that by the territorial laws of New Mexico damages for mental anguish alone are nonrecoverable. The fact that the common law rule of practice prevails there will not suffice. Such rule, with exceptions not necessary here to notice, has been expressly imposed by our statute, and it is well settled that appellant's special plea is not maintainable in this State. The first and principal assignment is accordingly overruled.

Appellant's fourth special exception to appellee's petition was to the effect that the petition showed no legal liability for the damages claimed "by reason of the fact that said Gid Hunter was without means to properly dress and bury the body, and it was buried by strangers." We think this exception well taken. Humiliation of appellee's wife, suffered by reason of such facts, was a special or remote consequence of appellant's breach of contract, not reasonably to be apprehended from the face of the telegram, and notice of the facts or consequence stated was not otherwise charged as was necessary. See W. U. Tel. Co. v. Turner, not yet reported (2 Texas Law Journal, 547). In view of which, and of the introduction of evidence of the facts and consequence noted, the court's charge to the effect that when the nature and importance of a telegraphic message are apparent from the terms used, no further explanation is required in order to render the company liable for negligence, was misleading, as urged in the fourth assignment. In the minds of the jury there could have been no contention of an absence of liability for the ordinary and natural consequences upon proof of the breach of contract for transmission and delivery, and it is probable, if not certain, that the charge referred to was applied by the jury in the consideration of the facts that Gid Hunter was buried at the cost of strangers, and that appellee's wife suffered humiliation of mind in consequence thereof.

Other assignments need not be noticed further than to say that, in the state of the evidence as presented to us, we think it was proper to submit to the jury the issue of whether the body of Gid Hunter could and would have been shipped in condition and time to have reasonably enabled appellee's wife to view the remains, but see no necessity for the

submission of issues relating to office hours or electrical disturbances in the atmosphere, as the delays complained of do not seem attributable to such causes. The evidence upon another trial may be different, however, and the issues submitted will doubtless be framed in accordance therewith.

Because of the errors noted the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*