M. O. GEROCK et al. v. WESTERN UNION TELEGRAPH
COMPANY.

(Filed 4 March, 1908).

1. **Appeal and Error—Second Appeal—Rehearing of First Appeal.**
   Upon a second appeal in the same cause of action, the appellant may not have a rehearing of matters disposed of in the first appeal.

2. **Telegraph Companies — Negligence — Evidence — Principal and Agent—Prior Negligence—Nominal Damages.**
   When there is evidence of negligence of a telegraph company prior to the time of the delivery of a telegram to the party in whose care it was sent, it is sufficient to support a verdict of at least nominal damages.

3. **Telegraph Companies — Negligence — Damages — Instructions — Principal and Agent—Knowledge of Agent.**
   In an action to recover for the negligent failure of a telegraph company to deliver a telegram from a wife to her husband informing him of her sickness, and in consequence of which she was caused mental anguish by his failure to come or to reply, it was not error in the court below to refuse to instruct the jury under the facts that there could be no recovery for mental suffering endured by the wife, for that at the time in question the husband telegraphed to his wife's father inquiring about her condition, of which the father neglected to inform her.

147—1

GEROCK v. TELEGRAPH CO.

4. Principal and Agent—Evidence—Agency—Principal—Imputed Knowledge.

The plaintiff is not imputed with the undisclosed knowledge of any fact or circumstance bearing upon matters in avoidance of the damages claimed, communicated to her father, in the absence of evidence of his agency.

5. Telegraph Companies—Messages—Care of Another—Delivery.

A delivery of a telegram to the person in whose care the sendee is addressed is, in law, a delivery to the sendee.

6. Telegraph Companies—Negligence—Evidence—Measure of Damages—Contributory Negligence—Proximate Cause.

When the evidence tends to show that the defendant telegraph company negligently delayed the delivery of a message to the one in whose care it was sent, relating to the sickness of plaintiff's wife, and requesting him to come to her, so that the addressee lost an opportunity of sooner being with her, and there was a further delay on the part of the one in whose care the message was sent in delivering it to the addressee, causing plaintiff to miss the next opportunity of going, the only question presented is upon the measure of damages, not one of contributory negligence or proximate cause; and it was not error in the court below to refuse to instruct the jury that plaintiff could not recover.

7. Telegraph Companies—Telegram, Care of Another—Notice of Importance.

It is not ordinarily the duty of a telegraph company to notify the one in whose care a telegram is sent of its importance.

8. Telegraph Companies—Prior Negligence—Care of Another—Notice of Importance —Question for Jury.

When prior negligence on the part of the telegraph company is established, which may cause an injury, it is the duty of the telegraph company to notify the one in whose care it is sent of its importance, or it should be left as an open question to the jury whether the employee acted as a man of ordinary prudence would have acted in not doing so, quære.

CIVIL ACTION, tried before W. R. Allen, J., and a jury, at November Term, 1907, of the Superior Court of BERTIE County.

This action was brought to recover damages for negligently delaying to deliver a telegram which was sent from Ahoskie, N. C., to Maysville, N. C., by the feme plaintiff, Mrs. Gerock,

in the name of her father and agent, J. A. Copeland, to her husband, M. O. Gerock, in care of his brother, C. O. Gerock. The latter is a barber in Maysville, and his shop is about 150 yards from the defendant's office. His home was about three miles from Maysville, in the country, and his brother was visiting him at his home when the telegram was sent.

The court submitted the following issues to the jury:

"1. Did defendant negligently delay the delivery of the telegram, as alleged in the complaint?" Answer: "Yes."

"2. Was plaintiff injured thereby?" Answer: "Yes."

"3. What damage is the plaintiff entitled to recover?" Answer: "Six hundred dollars."

The evidence tended to show that the message was received at Maysville at 4:27 P. M. on Thursday, 2 February, 1905. C. O. Gerock was at his place of business in Maysville until 5:42 P. M. on that day. The defendant's agent did not deliver the telegram until 9:30 A. M. on Friday, 3 February, 1905. It was in a sealed envelope. The agent did not inform C. O. Gerock of the importance of the message, but said to him at the time he delivered it: "Here is a telegram I received yesterday afternoon, in your care, for M. O. Gerock." If C. O. Gerock had known the nature of the message he would have sent it at once to his brother when he received it. He did not deliver it to him until 6 o'clock, 3 February, 1905, when he returned to his home at the usual hour. He would have given it to his brother Thursday evening if it had been received that evening from the defendant's agent. C. O. Gerock went to Maysville as early as 7 o'clock on Friday morning, but did not receive the message until 9:30 o'clock. The message was in the following words: "India is sick with grippe; not dangerous; wants you to come," and was dated 2 February, 1905. India is the wife of M. O. Gerock. The train leaves Maysville at 4:22 P. M. for Ahoskie and arrives there at 10:36 A. M. the next day. If C. O. Gerock had delivered the message to his brother, M. O. Gerock, at any

time before 12 o'clock Friday, the latter could have reached
Ahoskie by 10:36 A. M. Saturday. He left Maysville Sat-
urday at 4:22 P. M. and did not reach Ahoskie until Sunday
afternoon about 5 o'clock. If he had received the message
Thursday evening, he "would have driven to New Bern and
arrived at Ahoskie the next day, Friday, 3 February, 1905,"
though he also testified that he "expected" he would have
driven to New Bern Thursday night. He could not drive
through the country to New Bern Friday night, owing to the
bad weather, snow having fallen in the meantime. J. A.
Copeland received a telegram from M. O. Gerock, Saturday
morning about 10 o'clock, inquiring how his wife was. He
did not tell Mrs. Gerock of the message until later in the
day—after 12 o'clock—but wired to M. O. Gerock that she
was better. When he told Mrs. Gerock of her husband's mes-
sage to him, he found her in bed and worse. She was nervous
and troubled about her husband not coming. The defend-
ant's agent in Maysville knew that M. O. Gerock was in the
country, about three miles from Maysville. Her husband's
failure to come Saturday morning caused Mrs. Gerock mental
and "physical" suffering, and made her a great deal worse.
She had a nervous chill, went to bed and did not get up again
that day. Her "mental anguish was agonizing" and was
caused by his not coming when she expected him. Her hus-
band was frail and weak. She needed him during her sick-
ness. Mrs. Gerock had the words "not dangerous" inserted
in the message to allay her husband's fears, on account of his
weak condition.

The defendant introduced no testimony. A motion to non-
suit the plaintiff was overruled, and the defendant excepted.
The court read the notes of the evidence to the jury and re-
cited in full all the contentions of each party, applying the
facts to the law.

The defendant requested the court to give the following
instructions to the jury:

"1. That, upon the testimony in the case, the plaintiffs are not entitled to recover, and the jury will answer the issue as to negligence 'No.'

"2. There can be no recovery for mere disappointment—that is, at the husband not coming; nor can there be any recovery for mental suffering endured, if any, after M. O. Gerock's wife's father, J. A. Copeland, got a telegram from him on Saturday.

"3. It was not the duty of the company to send the message to M. O. Gerock, who was in the country and beyond its delivery limits."

The first instruction was refused, and the second and third were also refused, except as given in the charge. The defendant duly excepted.

The court gave the proper legal definition of negligence, and stated clearly to the jury the duty of the defendant to deliver the message, after its receipt in Maysville, to the person to whom it was addressed, within a reasonable time. There was no exception taken to the court's definition of negligence or to its charge as to the duty of the defendant.

The court then proceeded to charge the jury on each issue separately. On the first issue the court charged as to the general law of negligence and as to the duty the defendant owed the plaintiff. On this issue the court arrayed all of the facts and circumstances applicable thereto. The court further charged as to this issue: "1. It was the duty of the defendant to transmit and deliver the message within a reasonable time, and a failure to do so was negligence. Reasonable time is governed by the circumstances of the case. There was no negligence in transmitting the message to Maysville, as it reached there at 4:27 P. M. on Thursday, 2 February, 1905. The telegram was addressed in care of C. O. Gerock, and the delivery to him was, in law, a delivery to the husband." The defendant had requested the court to charge the jury as follows: "That when the company delivered the telegram to

C. O. Gerock it was a delivery to M. O. Gerock." To the last instruction the defendant excepted.

The court charged on the second issue as follows: "2. If the jury answer the first issue 'Yes,' and they further find from the evidence that M. O. Gerock would have reached his wife earlier if the telegram had been delivered within a reasonable time, they should answer the second issue 'Yes'; otherwise, 'No.'" The defendant excepted.

The court charged the jury that it was not the duty of the defendant to disclose the contents of the message to C. O. Gerock when it was delivered to him. The facts were fully recited and the contention arrayed on the second issue, and the question as to who had the burden of proof was fully explained as to all the issues.

On the third issue the court charged the jury as follows: "3. If you answer the first and second issues 'Yes,' then the plaintiff is entitled to a reasonable compensation for the mental and physical suffering which was the direct and proximate result of defendant's act." The defendant excepted.

The court further charged: "4. You cannot allow anything for mere disappointment or regret; mental anguish means more than this; it means a high degree of mental suffering, and if there was not such suffering you will allow nothing for mental anguish." The defendant excepted.

The other exceptions were substantially like those already taken by the defendant.

There was a verdict for plaintiff and judgment thereon, whereupon the defendant appealed.

*St. Leon Scull* for plaintiff.

*F. H. Busbee & Son, Winston & Mathews* and *George Cowper* for defendant.

WALKER, J., after stating the case: This case was before us at a former term (142 N. C., 22). We will not review any question which was then decided, as a party who loses in this

Court cannot have the case reheard by a second appeal. *Holland v. Railroad,* 143 N. C., 435. The Court held in that appeal, upon a motion to nonsuit, that there was evidence sufficient to be submitted to the jury upon the question of negligence. It is now said by counsel that it did not appear in the former appeal that a train left Friday afternoon at 4:22 for Ahoskie *via* New Bern and Goldsboro. But this is a mistake; it does so appear in the original case on appeal, though not so stated in the opinion. But we think the judgment should be affirmed on other grounds. There was no special instruction requested as to the duty of C. O. Gerock to deliver the message Friday morning in time for his brother, M. O. Gerock, to leave Maysville on the afternoon train, as will appear hereafter. We cannot sustain the motion to nonsuit, nor declare that there was any error in the refusal of the first prayer of the defendant for an instruction to the jury, to the effect that the plaintiff is not entitled to recover, and they should answer the first issue, as to negligence, "No," for the simple reason that we have before decided that there was evidence of negligence. Besides, there having been evidence of a negligent delay in delivering the message until Friday morning, which was not seriously controverted, the *feme* plaintiff was entitled to recover at least nominal damages.

The Judge gave the first part of the second prayer, and charged the jury that they could not allow anything for mere disappointment or regret, and explained to the jury what constituted mental anguish, for which damages could be awarded. As to the second part of the second prayer, we are unable to see how the receipt of the telegram by J. A. Copeland from M. O. Gerock, merely inquiring about the condition of his wife, can affect her right to recover damages for her mental anguish, if proximately caused by the defendant's negligence. Copeland was not her agent to receive such a message for her, and he did not receive it in any such capacity, and she cannot be prejudiced by any failure on his part to communicate its

contents to her.  It was a mere inquiry, addressed to Cope-
land, and if she had been informed of its nature it would not
have tended to allay her anxiety, but might have increased it.

.The Judge virtually gave the third instruction requested by
the defendant when he told the jury that a delivery to C. O.
Gerock was, in law, a delivery to the husband of the *feme*
plaintiff, M. O. Gerock.  Besides, it is stated in the case that
the Judge gave the proper legal definition of negligence and
explained clearly to the jury the duty of the defendant to
deliver the message, after its receipt at Maysville, to the per-
son to whom it was addressed, within a reasonable time, and
no exception was taken to this part of the charge.  It is also
stated that the Judge charged the jury upon each issue sepa-
rately.  On the first issue he explained the general law of
negligence and the duty which the defendant owed the plain-
tiff, and he arrayed all of the facts and circumstances appli-
cable thereto.  No exception was taken to this part of the
charge.  What the Judge did say to the jury is not fully set
out, and we must assume in this Court that he charged cor-
rectly as to all the issues, in the absence of any showing to
the contrary, as we do not perceive that there was error in
the instructions of the court below, so far as they are set forth.
The defendant did except to the first instruction of the court
as to negligence, as indicated above in the statement of the
case, but we can see no error therein, considering the former
decision of this Court.  The instruction that a delivery to
C. O. Gerock was a delivery to M. O. Gerock, and that it was
not the duty of the defendant to disclose the contents of the
message to C. O. Gerock when it was delivered to him, was
certainly not prejudicial to the defendant.

As the charge is not set out in full, we are not informed as
to how the court specially instructed the jury with reference
to the duty of C. O. Gerock as to the delivery of the telegram
after he received it.  The Judge may have given very proper
instructions upon this question, and we must assume that he

did.    There was no special instruction regarding that feature
of the case requested by the defendant.    The plaintiff was, in
a legal sense, injured by the negligence of the defendant's
agent in delaying the delivery of the message, and was entitled
to nominal damages, and the charge of the court upon the
second issue was, in that view, correct, apart from the other
considerations we have mentioned.    Whether the plaintiff was
entitled to substantial damages, if there was any negligence
on the part of C. O. Gerock, is another and different question.
We must again assume that the court instructed the jury cor-
rectly as to this matter, as the charge is not all set out.    The
exceptions to the part of the charge relating to damages are
not tenable.    There was evidence of mental and physical suf-
fering, and the instruction as to mental anguish was not erro-
neous.

As the defendant was guilty of negligence in postponing the
delivery of the message until Friday morning, thereby pre-
venting M. O. Gerock from leaving Thursday night, and as
this was a breach of duty, entitling the plaintiff, at least, to
nominal damages, the negligence of C. O. Gerock, if any, in
not delivering the telegram to his brother in time for him to
take the train that afternoon, related to the question of dam-
ages, and could be considered only under the third issue.    But
we are of the opinion that the delay on the part of C. O.
Gerock in delivering the message was excused by the prior
negligence of the defendant in delaying its delivery from the
time it was received until Friday morning, which either im-
posed the duty upon it to notify C. O. Gerock of the impor-
tance of the message, which could have been done without dis-
closing its contents, or, at least, left it as an open question for
the jury to decide whether he acted as a man of ordinary pru-
dence would have done under the same circumstances.    The
defendant's operator knew the circumstances, and especially
did he know the fact that C. O. Gerock would not return to
his home until late in the afternoon.    No instructions were

asked upon this aspect of the case, and the defendant cannot, therefore, complain of the result. *Simmons v. Davenport,* 140 N. C., 407. The uncontroverted facts of this case entitled the plaintiff to a favorable finding upon the first and second issues. The conduct of C. O. Gerock did not present a question of contributory negligence or of proximate cause, but of damages, as the plaintiff had already established a good cause of action by showing the prior negligence of the defendant.

This case is not like *Lefler v. Telegraph Co.,* 131 N. C., 355. In that case there was no prior negligence of the company.