## GOODWIN v. WESTERN UNION TELEGRAPH CO.

(Court of Civil Appeals of Texas. Ft. Worth. June 14, 1913. Rehearing Denied Oct. 18, 1913.)

1. TELEGRAPHS AND TELEPHONES (§ 66*)—MESSAGES—ACTIONS—SUFFICIENCY OF EVIDENCE.

Evidence in an action against a telegraph company for damages for delay in transmitting a telegraphic draft to plaintiff's mother, at whose home plaintiff's wife was ill, *held* to sustain a finding of negligence in delaying transmission, and of the fact that the company knew of the necessity of plaintiff's wife having money quickly.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 61–63; Dec. Dig. § 66.*]

2. TELEGRAPHS AND TELEPHONES (§ 66*)—MESSAGES—ACTIONS—SUFFICIENCY OF EVIDENCE.

Evidence in an action for delay in transmitting a telegraphic draft to the mother of plaintiff's wife, at whose home his wife was ill, *held* to sustain a finding that mental suffering would naturally and probably result from her disappointment in failing to receive plaintiff's remittance.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 61–63; Dec. Dig. § 66.*]

3. TELEGRAPHS AND TELEPHONES (§ 38*)—DAMAGES.

A telegraph company should have reasonably anticipated mental suffering by plaintiff's wife from delay in delivering a telegraphic draft to her, where the company was informed when the message was sent that she was ill, and needed the money.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 33; Dec. Dig. § 38.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by G. H. Goodwin against the Western Union Telegraph Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Scarborough & Hickman, R. W. Haynie, and C. G. Whitten, all of Abilene, for appellant. J. M. Wagstaff, of Abilene, for appellee.

DUNKLIN, J. While G. H. Goodwin and wife were residing in Abilene, Tex., Mrs. Goodwin visited her mother, Mrs. M. E. Backus, whose home was in Meridian, Miss. During this visit Mrs. Goodwin became ill, and, being without money, had her mother to wire her husband that she was ill, and requesting him to send her $25 by telegraph at once. This message was received by the plaintiff on September 6, 1911. On September 7th the Farmers' & Merchants' National Bank at Abilene, at plaintiff's instance, wired Mrs. M. E. Backus as follows: "September 7th, 1911. Mrs. M. E. Backus, Meridian,

Miss. Will pay your draft thirty dollars." This message was, on the day of its date, delivered to the agent of the Western Union Telegraph Company at its office in Abilene for transmission, and at the time plaintiff delivered it he told the agent that his wife was dangerously ill in Meridian, and needed the money, and that the money was being sent to Mrs. M. E. Backus for her benefit, also informing the agent that Mrs. Backus was his wife's mother. This message was not delivered to the addressee until September 14th or 15th; the delay being caused by the fact that by mistake the agent at Abilene filed it among papers pertaining to business already disposed of, and on account of this mistake it was overlooked. Between the dates September 7th and 14th two other messages were sent to the plaintiff by his wife, inquiring why he had not sent her the money as requested. Upon receipt of both of these inquiries, plaintiff went to the telegraph office in Abilene, and was there told that the message had been sent. During the same period repeated inquiries were also made at the telegraph office in Meridian; the response to which inquiries being that no such message had been received there. As soon as the message was received, the money was promptly collected upon a draft drawn by Mrs. Backus upon the sender, and the funds thus realized were turned over to Mrs. Goodwin.

G. H. Goodwin instituted this suit against the telegraph company, alleging the foregoing facts in substance, basing thereon a charge of negligence on the part of the defendant in delaying the transmission and delivery of the message, and alleging, further, that for lack of funds his wife was deprived of proper medical attention and supplies, and suffered additional physical pain by reason thereof, that she also suffered mental worry on account of her failure to receive the money, and that in her delicate condition her mental worry further accentuated her physical pain, for all of which suffering plaintiff claimed damages. The trial was before a jury, who returned a verdict in favor of the defendant in obedience to a peremptory instruction from the court, and, from a judgment rendered in conformity with this verdict, the plaintiff has appealed.

[1] The only assignment presented is to the peremptory instruction given by the court. Clearly the facts recited above were sufficient to support a finding of negligence by the defendant in delaying the transmission and delivery of the telegram, and that defendant was notified of the straitened circumstances of plaintiff's wife at the time the telegram was sent and of her necessities requiring the money. Notice of those facts was also notice to the defendant of all such suffering which Mrs. Goodwin sustained which were the natural and probable consequences

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

of a negligent failure to transmit and deliver the telegram, and which ought reasonably to have been foreseen as a result of such failure. Mrs. Goodwin testified in part as follows: "The whole time I was sick I worried so from not hearing from my husband at such a time that my fever rose several evenings from worry. I had my sister go by the Western Union every day, and they would always remark that, 'If her husband had wired your sister any money, she would have gotten it.' I did not have any money at all the ten days I was in bed. Dr. Anderson gave me two prescriptions to have filled, and on account of not having the money I could not get it." Mrs. Backus, her mother, also testified that: "She did not have sufficient funds with which to procure proper medical attention. * * * She certainly worried a whole lot—so much that it caused her to have fever." According to the testimony of the attending physician, her condition was such as to produce nervousness, that she suffered a great deal of pain, and any mental strain would retard her recovery in the condition she was in. We are of the opinion that, with this evidence in the record, the court erred in the instruction given to the jury, and for this error the judgment must be reversed. See Tel. Co. v. Cooper, 71 Tex. 507, 9 S. W. 598, 1 L. R. A. 728, 10 Am. St. Rep. 772; Tel. Co. v. Richards (No. 7692), 158 S. W. 1187, by this court, not yet officially reported, and authorities there cited; the opinion in Tel. Co. v. Mooney (No. 7618), 160 S. W. 318, by this court.

The appellee has cited the case of De Voegler v. West. U. Tel. Co., 10 Tex. Civ. App. 229, 30 S. W. 1107, in which it was held that an inexperenced youth in a strange city could not recover damages for mental worry and disappointment caused by a delay in receiving funds which he had requested of his mother by wire, and which his mother had in fact sent him; such failure to receive the money being caused by a negligent delay of the telegraph company in delivering the message sent by his mother. The facts alleged show that the boy was a guest at a hotel, where he was well cared for. The mental anguish and distress suffered by the youth consisted in feeling that he was looked upon with suspicion, although there was no allegation in the petition that the proprietor of the hotel was aware of the fact that he was without money with which to pay his board. In deciding that case in favor of the telegraph company, the Court of Civil Appeals used the following language: "It could not have been within the reasonable contemplation of the parties that appellant was so morbidly sensitive as to suffer great mental anguish and fear of being looked upon with suspicion for the simple reason that he did not receive a remittance of money promptly."

[2, 3] We do not think it can be said that even the mental suffering of Mrs. Goodwin, which the testimony tended to prove, was the result of morbid sensitiveness on her part. We are of the opinion rather that the jury would have been warranted in finding that in her physical condition such mental suffering was the natural and probable result of her disappointment in failing to receive the remittance which her husband sent, and that the defendant, who, according to the testimony of the plaintiff, was informed of the fact that she was ill and in need of the remittance, ought reasonably to have anticipated mental suffering of that character as a consequence of its failure to transmit and deliver the message with reasonable dispatch. Appellee also cited Tel. Co. v. McNairy, 34 Tex. Civ. App. 389, 78 S. W. 969, by this court, Gooch v. W. U. Tel. Co., 90 S. W. 587, by the Court of Appeals of Kentucky, and Tel. Co. v. Linn, 87 Tex. 7, 26 S. W. 491, 47 Am. St. Rep. 58; but we think none of these cases last cited is in point, for it is quite evident that the damages claimed in those suits were too remote, and could not have been within the contemplation of the telegraph company at the time the respective messages were received for transmission.

For the reasons noted, the judgment is reversed, and the cause remanded.