### WESTERN UNION TELEGRAPH CO. v. BOWLEN et al. (No. 11366.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 6, 1926.)

**1. Trial ⟨key⟩350(5)—Failure to submit whether misnomer of addressee, in telegram written by agent at sender's request, was proximate cause of nondelivery of message, held reversible error.**

Where uncontradicted evidence showed that telegraph agent wrote telegram at sender's request, failure of trial court to submit issue whether misnomer of addressee was proximate cause of nondelivery of message was reversible error.

**2. Trial ⟨key⟩350(7)—Failure to submit whether sender of message was contributorily negligent in connection with its nondelivery held error.**

Failure of trial court to submit whether the sender of a message announcing the illness of plaintiff's mother was contributorily negligent, after learning of nondelivery of the message, in not informing telephone operator of illness and arranging for messenger, *held* error:

**3. Telegraphs and telephones ⟨key⟩68(1)—Instruction, authorizing recovery for mental pain, disappointment, and grief suffered by addressee in telegram, held error; "mental anguish."**

An instruction, authorizing recovery for mental pain, disappointment, and grief of plaintiff in not being able to converse with her dying mother by reason of defendant company's failure to forward telegram announcing her illness,

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*held* error; these not being equivalents of mental anguish.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mental Agony or Anguish.]

Appeal from District Court, Parker County; F. O. McKinsey, Judge.

Action by Mrs. Kate Bowlen and husband against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Shropshire & Bankhead, of Weatherford, for appellant.

Hood & Shadle, of Weatherford, for appellees.

DUNKLIN, J. The Western Union Telegraph Company has appealed from a judgment in the sum of $300 recovered by Mrs. Kate Bowlen and her husband, J. T. Bowlen, for mental anguish alleged to have been suffered by her as the proximate result of the alleged negligence of defendant, appellant here, for failure to deliver a telegram addressed to her, sent from the town of Itasca, announcing the illness of Mrs. Powers, who was plaintiff's mother. The telegram was dated at Itasca, Tex., December 24, 1923, and read as follows:

"Mrs. Kate Bourland,
    "Aledo, Texas.
    "Mother is sick. Come if you can.
                "[Signed] W. R. Powers."

W. R. Powers, whose name was signed to the telegram as sender is the brother of plaintiff Mrs. Kate Bowlen. He did not send the message, but the same was sent by W. J. Burnett, his son-in-law, whom he directed to go go to the telegraph office and send the message. Burnett did not himself write out the telegram, but the same was written out in full at his request by F. O. Evans, the local agent of the defendant company, stationed in the town of Itasca. Mrs. Bowlen had resided in the town of Aledo, which was a small town, for 15 years, and she and her husband conducted a rooming house and lunch stand in the same building; the rooms being in the upper story, and the lunch stand being on the lower floor. She was well known in the town under the name of Mrs. Kate Bowlen, but was not known as Mrs. Kate Bourland.

The telegram reached the defendant's office promptly on December 24, 1923, but was never delivered to her. The agent testified that he made inquiries in the town in an effort to locate the person whose name was spelled as the addressee's name appeared in the telegram, but that he was unable to find any one who was acquainted with a person of that name living in Aledo, and upon information given him that a person of that name lived on a ranch a few miles out from Aledo he sent it to the ranch, where it was delivered to a person answering to that name who was a cook on the ranch. According to further testimony of the agent, he was acquainted with plaintiff Mrs. Kate Bowlen, and knew the location of her place of business, and he would have tendered the message to her if it had occurred to him that it was intended for her.

On December 25th, W. J. Burnett, either himself or acting with others, put in a telephone call for plaintiff, but received no response from her in answer to that call. According to the testimony of the telephone operator in Aledo who received the call, the sender did not state the purpose of the call. The operator further testified that, if she had known that the purpose of the sender was to announce the illness of any one, and if the sender had arranged for the payment of a messenger fee, she would have procured and sent a messenger to summon Mrs. Bowlen to the office to answer the call, if the same had been necessary, to inform her of the call. The operator further testified that Mrs. Bowlen did not have a telephone at her place of business.

Burnett testified that in response to that call the agent at Aledo informed the sender that Mrs. Kate Bowlen was out of town. Another telephone call was made for plaintiff on morning of December 26th, to which she responded, and, upon being informed of her mother's illness started immediately for Itasca and reached her mother's bedside on the same day. Plaintiff's mother, Mrs. Powers, died on December 29th, and Mrs. Bowlen was with her continuously from the time of her arrival in Itasca to the time of Mrs. Powers' death, during all of which time Mrs. Powers was conscious. According to Mrs. Bowlen's testimony and that of other witnesses, plaintiff's mother recognized her and put her arms around her neck and kissed her when she came, but was never able to converse with her after her arrival. But according to the testimony of other witnesses, plaintiff's mother was able to speak on December 26th, and when plaintiff came she shook hands with Mr. Bowlen and conversed with him and others. Plaintiff testified that had she received the telegram in due time, she would immediately have gone to Itasca and would have reached her mother in time to have talked with her. According to her pleadings and her testimony, her failure to reach her mother before she lost the power of speech caused her mental anguish, for which she sought damages, and the damages which were awarded by the jury were allowed on that account.

[1] In view of the uncontradicted testimony that the message was written out by F. O. Evans, the agent in charge of the defendant's office in Itasca at the request of W. J. Burnett, and that he therefore became the agent of plaintiff in writing the telegram, and in view of the further testimony of the agent at Aledo to the effect that the telegram would have been promptly delivered if it had been addressed to Mr. Kate Bowlen, the court committed reversible error in refusing to give to the jury defendant's requested instruction re-

quiring them to find whether or not the sending of the message to Mrs. Kate Bourland was the proximate cause of the failure of the agent at Aledo to make prompt delivery of it. Such misnomer was specially pleaded by the defendant as the proximate cause of the nondelivery of the message, and the defendant was entitled to an affirmative presentation of that issue. Fox v. Dallas Hotel Co., 240 S. W. 517, 111 Tex. 461; Gammage v. Gamer Co., 213 S. W. 930 (by Commission of Appeals) and other decisions there cited; Northern Texas Traction Co. v. Marguerite Gilbert (No. 11372) 282 S. W. ——, opinion, by Chief Justice Conner of this court, not yet published; W. U. Tel. Co. v. Holcomb (Tex. Com. App.) 210 S. W. 509; W. U. Tel. Co. v. Edsall, 63 Tex. 668; W. U. Tel. Co. v. Foster, 64 Tex. 220, 53 Am. Rep. 754.

[2] For the same reason and upon the same authorities, we conclude that the court erred in refusing to submit special issues requested by the defendant as to whether or not the sender of the message, after learning of its nondelivery, was guilty of contributory negligence on December 25th, when an attempt was made to call plaintiff over long-distance telephone; in failing to advise the operator at Aledo, or have her advised, of the illness of plaintiff's mother; and in failing to offer to pay or to arrange for the payment of a messenger fee, if necessary, to summon plaintiff to answer the telephone call. S. W. Tel. & Tel. Co. v. Gotcher, 53 S. W. 686, 93 Tex. 114; S. W. Tel. & Tel. Co. v. Dominy (Tex. Civ. App.) 160 S. W. 315.

[3] In the court's charge the jury were instructed that as a consequence of defendant's negligence, if any, which was the proximate cause of its failure to deliver the telegram, they would assess plaintiff's damages in such a sum as the jury might believe "will reasonably compensate her for mental pain, disappointment, and grief, if any, suffered by her and by reason of not being able to talk and converse with her mother. * * *"

In Western Union Telegraph Co. v. Chamberlain (Tex. Civ. App.) 169 S. W. 370, the following is quoted with approval from 37 Cyc. 780, in discussing the meaning of mental anguish:

"It is well settled, however, that damages cannot be recovered on this ground for every mental disturbance or injury to the feelings, and that to constitute mental anguish there must be something more than worry, vexation or disappointment, or anger or resentment."

Again, in Western Union Telegraph Co. v. Finfrock (Tex. Civ. App.) 191 S. W. 181, the following is said:

"Appellant's contention that mere disappointment or embarrassment is not such mental pain or anguish as will permit recovery of damages therefor is sound, and finds support in adjudicated cases."

See, also, De Voegler v. Telegraph Co., 30 S. W. 1107, 10 Tex. Civ. App. 229.

In Western Union Telegraph Co. v. Cowan (Tex. Civ. App.) 271 S. W. 650, it was held that damages could not be allowed for humiliation or disappointment as constituting mental anguish, and in the opinion in that case other Texas decisions are cited in support of that holding.

In Gerock v. W. U. Tel. Co., 60 S. E. 637, 147 N. C. 1; Hancock v. Western Union Tel. Co., 49 S. E. 952, 137 N. C. 497, 69 L. R. A. 403; Johnson v. W. U. Tel. Co., 62 S. E. 244, 81 S. C. 235, 17 L. R. A. (N. S.) 1002, 128 Am. St. Rep. 905, it was held, in effect, that mental anguish is a high degree of mental suffering as distinguished from mere disappointment, annoyance, or regret. According to those decisions, which we think announce the correct rule, appellant's assignment of error to the court's instruction upon the measure of damages noted above, is likewise sustained.

Several other assignments of error presented in appellant's brief will not be determined, since a determination of the same is unnecessary, in view of the errors already pointed out, and, by reason of which, the judgment will be reversed, and the cause remanded.