## HARRINGTON v. RAWLS.

(Filed September 27, 1904).

1. PARTITION—*Deeds—Husband and Wife.*

Where partition deeds are executed to husband and wife for land in which the wife was tenant in common with the grantors, the deeds carry no title, but operate simply as a severance of the unity of possession.

2. MORTGAGES—*Husband and Wife.*

The provision in a mortgage to pay the surplus to the two mortgagors means to pay it to them as their several interests in the property may appear.

3. MORTGAGES—*Husband and Wife—Curtesy.*

Where land of a wife is mortgaged to secure her husband's debt, and is sold on foreclosure after her death, the husband's entire curtesy interest should be first applied in payment of the debt; but if the debt secured is joint, such curtesy interest should be charged with only a moiety thereof.

4. MORTGAGES—*Husband and Wife.*

Where the land of a wife is mortgaged and the mortgage is foreclosed after her death, the surplus goes to her heirs charged with the curtesy of the husband.

136——5

HARRINGTON *v.* RAWLS.

5. COSTS—*Appeal—The Code, sec. 527.*

> Where an appellant fails to show that he was prejudiced by the
> order appealed from, he may be taxed with the costs of the
> appeal, though the case be remanded.

6. APPEAL.

> A decision by the supreme court on a prior appeal constitutes the
> law of the case both in subsequent proceedings in the trial
> court and on a subsequent appeal.

7. IMPROVEMENTS—*Betterments.*

> Where a deed is made to a husband and wife in partition of land in
> which the wife is a tenant in common with the grantors, and
> the husband and wife mortgage such land for the debt of the
> husband, a grantee of the husband after the death of the wife
> is not entitled to pay for improvements placed on the property,
> where the curtesy interest of the husband does not more than
> pay the mortgage debt.

ACTION by W. H. Harrington and others against M. O.
Rawls and others, heard by *Judge Frederick Moore,* at No-
vember Term, 1903, of the Superior Court of PITT County.
From a judgment for the plaintiffs the defendants appealed.

*Jarvis & Blow,* for the plaintiffs.
*Skinner & Whedbee,* and *Fleming & Moore,* for the de-
fendants.

CLARK, C. J.    The deed of partition, by mutual deeds,
wherein the other party conveyed in severalty to J. A. Bri-
ley and Elsie Briley one part of the tract in which Elsie
Briley was a tenant in common carried no title, but was
simply a severance of the unity of possession. *Harrison v.
Ray,* 108 N. C., 215, 11 L. R. A., 722, 23 Am. St. Rep., 57.
Hence J. A. Briley acquired no title, and not holding by
entireties with his wife, upon her death his sole interest in
the land is a life estate as tenant by the curtesy.    This was

decided upon the first appeal, *Harrington v. Rawls,* 131
N. C., 39, and was not open for consideration by the Judge
below, and consequently not upon a subsequent appeal.
*Holley v. Smith,* 132 N. C., 36; *Perry v. Railroad,* 129
N. C., 333, and cases cited.

On 16th December, 1889, J. A. Briley and wife executed
a mortgage upon said premises to secure the payment of
$800 borrowed money. On 28th April, 1898, and after the
death of his wife, J. A. Briley conveyed the land to defend-
ant Tyson by a deed purporting to convey the fee, but whose
legal effect was to convey only the life estate of J. A. Briley
therein as tenant by the curtesy. On 24th March, 1902,
the land was sold under the mortgage and the net surplus
arising from said sale ($1,920.65) was ordered paid into
the Clerk's office, which order was affirmed upon appeal.
*Harrington v. Rawls,* 133 N. C., 782.

Had the land been sold prior to the wife's death, the sur-
plus would have passed to her administrator as personalty.
But being sold after the death of the wife, it had previously
to such sale descended to her heirs charged with the mort-
gage and the husband's tenancy by the curtesy and the sur-
plus must be treated as realty. The provision in the mort-
gage, "pay over the surplus, if any, to J. A. Briley and
wife Elsie," means only, as in other joint mortgages, "as
their several interests shall appear." It is not a conveyance
of any interest by one mortgagor to the other.

The complaint avers that the mortgage debt was the
indebtedness of J. A. Briley. If so, the entire value of his
interest as tenant by the curtesy should be applied to the
payment thereof, to the exoneration of the wife's interest,
which has descended to her heirs. *Shinn v. Smith,* 79 N. C.,
310; *Mebane v. Mebane,* 80 N. C., 40; *Davis v. Lassiter,*
112 N. C., 128. And she having died, her heirs are enti-
tled to the same protection. *Weil v. Thomas,* 114 N. C.,

197. *In re Freeman,* 116 N. C., 199, differs in that there the money was borrowed for improvements upon the wife's land; hence it was held that there the curtesy interest should not be charged with the debt, but the debt should first be paid and the value of the curtesy in the surplus ascertained and paid to the husband.

The answer alleges that the debt was the joint debt of husband and wife. If so, half of the debt should be paid out of the husband's curtesy interest. Which of the contentions is true is a fact not decided, and it does not appear but that in either case the husband's interest has been absorbed by his indebtedness. Until the fact as to this appears, the exception of Tyson, who has no greater interest than the husband, his assignor, cannot be passed upon, for it must appear both that there was error and that the party excepting was injured thereby. It appears that J. A. Briley was born April 10, 1844. If the husband's interest in the property was not more than enough to pay off his indebtedness Tyson has suffered no detriment. The cause must be remanded, to the end that proper proceedings be had in the Court below in accordance with this opinion.

The appellant will be entitled (Acts 1887, ch. 214) to have the life interest valued, and if after deducting the amount of the husband's indebtedness there remains anything due it shall be paid to Tyson out of the surplus in the Clerk's office, but having failed to show that he has any interest in the fund and has sustained detriment by the order appealed from the appellant will pay the costs of the appeal. The Code, sec. 527.

The Court below correctly held that "the character of the improvements and the circumstances of the purchase and occupation of the land by the defendant Tyson do not entitle him to any allowance for said improvement."

Remanded.