BEN NOBLES ET AL. v. WILLIAM HAYWOOD DAVENPORT.

(Filed 21 March, 1923.)

1. **Advancements — Evidence — Deeds and Conveyances—Questions for Jury—Trials.**

   The father conveyed certain lands to his daughter and certain other lands to his son, as advancements in 1905, and the son's deed was not registered. In 1910 he again conveyed the same lands to his son, reciting a consideration of love and affection and the sum of $700: *Held,* some evidence from which the jury could infer that the $700 was the enhanced value of the land during the intervening period over and above the in-

creased value of the advancement made to the daughter in 1905, and that it was the grantor's intention thus to equalize the advancements.

**2. Appeal and Error—Second Appeal—Decisions—Law of the Case.**

> The decision of the Supreme Court on a former appeal is the law of the case in further proceedings in the Superior Court, where a new trial has been ordered, and also on a second appeal to the Supreme Court.

APPEAL by defendant from *Cranmer, J.,* at November Term, 1922, of LENOIR.

This is the second appeal of the same case, reported in 183 N. C., 207. The facts are there fully stated and need not be repeated here.

The jury returned the following verdict:

"1. Was the conveyance of the land from S. H. Davenport, the father, to his son, William H. Davenport, the defendant, an advancement to said defendant? Answer: 'Yes.'

"2. If so, in what amount was said conveyance an advancement? . Answer: 'Full value in 1910, less $700.' "

Judgment on the verdict for plaintiffs, and the defendant appealed.

*Rouse & Rouse for plaintiffs.*
*Cowper, Whitaker & Allen for defendant.*

STACY, J.   Defendant says there is no sufficient evidence appearing on the record from which the jury could find that the deed from S. H. Davenport to his son was intended as a partial advancement and a partial sale. We think there was some evidence to support the verdict. In 1905 S. H. Davenport and wife made an advancement to their daughter, Mrs. Dennie Nobles, of a 97-acre tract of land. At the same time they executed a deed, intended as an advancement, to their son, William H. Davenport, for a 102-acre tract of land. This latter deed was never registered; so, on 15 November, 1910, another deed was executed for the same property, reciting a consideration of natural love and affection and $700. There was some evidence from which the jury could infer that the $700 was the enhanced value of said property from 1905 to 1910, over and above the increased value of the advancement made to Mrs. Dennie Nobles in 1905; and that it was the intention of the grantor thus to equalize these advancements.

His Honor charged the jury in almost the identical language of our former opinion. The decision on the first appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal here. *Harrington v. Rawls,* 136 N. C., 65; *Gordon v. Collett,* 107 N. C., 362.

After a careful perusal of the entire record, we are convinced that the case has been tried in substantial conformity to our previous decision.

No error.