### G. S. RAY v. HILL VENEER COMPANY.

(Filed 22 October, 1924.)

**Appeal and Error—Judgment—Nonsuit—Second Appeal—Evidence—Review.**

Where the Supreme Court, on appeal, has reversed the Superior Court in granting defendant's motion as of nonsuit upon the evidence, under the provisions of the statute; and upon the retrial, upon the same evidence,

the defendant has again entered his motion thereof at the close of the plaintiff's evidence and at the close of all the evidence, the decision in the former appeal is the law of the case, and the law as therein determined will not thus be reviewed in the Supreme Court.

APPEAL by defendant from *Cranmer, J.,* at May Term, 1924, of ALAMANCE.

Civil action to recover damages for breach of contract alleged to have been made in connection with the sale of certain walnut logs.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Did the plaintiff and defendant enter into a contract as alleged in. the complaint?    'Yes.'

"2. If so, did the defendant breach said contract?  'Yes.'

"3. What damage, if any, is plaintiff entitled to recover by reason of said breach?  '$210.' "

From a judgment on the verdict in favor of plaintiff, the defendant appeals.

*Thos. C. Carter for plaintiff.*
*D. H. Parsons and Parker & Long for defendant.*

STACY, J.  This case was before us at a former term, 186 N. C., 773. The first appeal was from a judgment of nonsuit, entered on motion of the defendant at the close of plaintiff's evidence, and this was reversed. We are not now permitted to review any question which was then decided, as a party who loses in this Court may not have the case reheard by a second appeal. *Holland v. R. R.,* 143 N. C., 435. Where a judgment of nonsuit has been reversed and, on a second trial, the plaintiff's evidence is substantially the same as it was on the first hearing, the cause should be submitted to the jury, as the former decision has become the law of the case so far as the question of nonsuit is concerned. *Clark v. Sweaney,* 176 N. C., 529.

"A decision by the Supreme Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal." *Harrington v. Rawls,* 136 N. C., 65. To like effect are numerous decisions, among which may be mentioned: *Nobles v. Davenport,* 185 N. C., 162; *Public-Service Co. v. Power Co.,* 181 N. C., 356; *Hospital v. R. R.,* 157 N. C., 460.

Defendant's chief assignment of error, or the one most strongly urged on the argument and in its brief, is the exception addressed to the refusal of the court to grant the defendant's motion for judgment as of nonsuit, made first at the close of plaintiff's evidence and renewed at the close of all the evidence. Under the authorities above cited, our former ruling

on this question has become the law of the case as there is no material difference between the evidence appearing on the previous record and the evidence appearing on the present record. *Gerock v. Tel. Co.,* 147 N. C., 1.

The remaining exceptions are not sufficient to warrant another hearing. The verdict and judgment will be upheld.

No error.