MARY STRUNKS, Admx., v. SOUTHERN RAILWAY COMPANY et al.

(Filed 12 November, 1924.)

**Appeal and Error—Second Appeal—Review—Supreme Court.**

> A party to an action may not have the decision of the Supreme Court again reviewed by it, upon a second appeal, upon the same state of facts, the former decisions having become the law of the case.

APPEAL by defendants from *Lane, J.,* at April Term, 1924, of GUILFORD.

Civil action to recover damages for an alleged negligent injury, resulting in the death of plaintiff's intestate. The action is one arising under the Federal Employers' Liability Act, it being conceded on the trial that the defendant is a common carrier by railroad, engaged in interstate commerce and that plaintiff's intestate was employed by the defendant in such commerce at the time of his injury and death.

Issues of negligence, contributory negligence and damages were submitted to the jury and answered by them in favor of plaintiff. From the judgment rendered, defendants appeal.

*R. C. Strudwick and Adams & Adams for plaintiff.*
*Wilson & Frazier for defendant.*

STACY, J. This case has been tried three times in the Superior Court, and this is the third appeal here. Our previous decisions are reported in 184 N. C., 582, and 187 N. C., 175.

On the first appeal a new trial was granted for error in the charge on the issue of damages; but, as the case was correctly tried on the question of the defendant's liability, we restricted the new trial to the *quantum* of damages to be awarded. On the second appeal, a new trial was again granted for failure of the judge to admit evidence tending to show contributory negligence on the part of plaintiff's intestate, it being competent under the Federal Employers' Liability Act to plead and

to show the contributory negligence of plaintiff's intestate in diminution of damages, and the question of contributory negligence not having been settled on the first trial except under the single issue directed to the defendants' negligence. *Cobia v. R. R., ante,* 487.

On the present appeal, no error is assigned relating to the trial on the question of damages. Appellants say in their brief:

"Frankness compels us to say that there is no question presented in this appeal upon which the court has not already passed in the former appeals, but we have deemed it necessary, in order that we might present the question involved (the action being under the Federal Employers' Liability Act) to the Supreme Court of the United States for its decision, that we bring the case again to the attention of this Court."

We are not now permitted to review any question heretofore decided in the present case, as a party who loses in this Court may not have the case reheard by a second or third appeal. *Holland v. R. R.,* 143 N. C., 435. Our former decisions have become the law of the case so far as the questions then presented and decided are concerned. *Ray v. Veneer Co., ante,* 414.

"A decision by the Supreme Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal." *Harrington v. Rawls,* 136 N. C., 65. To the same effect and tenor are the following decisions: *Nobles v. Davenport,* 185 N. C., 162, *Public Service Co. v. Power Co.,* 181 N. C., 356, *Hospital v. R. R.* 157 N. C., 460, *Gerock v. Tel. Co.,* 147 N. C., 1, and others that might be cited.

The judgment as entered will be upheld.

No error.