JAMES C. DAVIS, AGENT OF THE UNITED STATES RAILROAD AD-MINISTRATION, AND SEABOARD AIR LINE RAILWAY COMPANY v. HILTON LUMBER COMPANY.

(Filed 25 November, 1925.)

APPEAL by plaintiff from *Grady, J.,* at December Term, 1924, of NEW HANOVER.

Civil action to recover demurrage, unloading and storage charges, and war taxes incidental thereto, on three car loads of lumber loaded and tendered by defendant to plaintiff for shipment, same being refused. The defendant in its answer denied liability for said charges, and set up a counterclaim for damages for the wrongful sale and conversion of defendant's lumber on said cars.

The jury, responding to the issues submitted, found: (1) That the first car load of lumber, tendered by defendant to plaintiff for shipment, 18 March, 1918, destination Guenther's Siding, Philadelphia, was not offered in violation of a valid embargo then existing; (2) that the two car loads of lumber, tendered by defendant to plaintiff for shipment, 21 March, 1918, destination New York and Brooklyn, were not offered in violation of a valid embargo then existing; (3) that the plaintiff, Railroad Administration, wrongfully refused to issue bills of lading for said shipments; and (4) that the defendant was entitled to recover of the plaintiff the sum of $2,463.24, on account of the matters and things alleged in the answer.

From a judgment on the verdict in favor of defendant, the plaintiff appeals, assigning errors.

*John D. Bellamy & Sons for plaintiff.*
*Bryan & Campbell for defendant.*

PER CURIAM. Several serious exceptions have been entered on the record, but a careful perusal of the whole case leaves us with the impression that they should all be resolved in favor of the validity of the trial. Most of the questions, presently sought to be presented, were considered by us on a former appeal, 185 N. C., 227; and the court on the second trial, seems to have followed the law substantially as declared on the first appeal. We are not now permitted to review any question which was decided on the former appeal, as a party who loses in this Court may not have the case reheard by a second appeal. *Ray v. Veneer Co.,* 188 N. C., 414.

"A decision by the Supreme Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal." *Harrington v. Rawls,* 136 N. C., 65. To like effect are numerous decisions in this and other jurisdictions. See Note, 34 L. R. A., 321. Speaking to the question in *Vann v. Edwards,* 135 N. C., p. 676, it was said that "the decision of a Court of final resort, upon a given state of facts, becomes the law of the case upon a second trial and another appeal in regard to those facts, if they are substantially the same as those upon which the former decision was made."

It would serve no useful purpose to consider the exceptions *seriatim,* as the law of the case was settled and discussed by us on the former appeal.

The verdict and judgment will be upheld.

No error.

CONNOR, J., did not sit.