WINSTON BRICK MANUFACTURING COMPANY v. GEORGE D. HODGINS AND EFFIE HODGINS.

(Filed 17 November, 1926.)

**1. Roads and Highways—Cartways—Ways of Necessity—Deeds and Conveyances.**

Where a conveyance of lands provides for an outlet or way of necessity to a public road, to be designated, the grantor has the right of locating it, and upon his failure to do so, this right in proper instances may be exercised by the grantee, but the grantee may not successfully claim that a private road belonging to a third person, and existent at the time, should be continued, there being nothing in the deed, covenant or contract that would uphold this view. Ways of convenience distinguished.

**2. Same—Questions of Law—Issues—Questions for Jury.**

Where a deed to lands provides for a roadway, or way of necessity, over the grantor's land, the interpretation thereof is one of law, and presents no issue for the jury to determine.

**3. Appeal and Error—Review—Trial—Record—Pleadings—Evidence.**

On appeal, the Supreme Court will review the case upon the theory that it was tried in the Superior Court as disclosed by the complaint and evidence of record.

CIVIL ACTION, before *Raper, J.,* at February Term, 1926, of FORSYTH.

On 2 February, 1923, the defendants conveyed to the plaintiff six acres of land. The defendants owned other land extending from the tract sold plaintiff, northward to the right of way of the N. & W. R. R. The deed from defendants to plaintiff contained this clause: "This property will have a road platted to Walkertown or paved highway." The Walkertown or paved highway referred to is north of the right of way of the N. & W. R. R. Hence the defendants owned land between the plaintiff's land and the south side of the right of way of

37—192

the N. & W. R. R., and therefore in order to reach Walkertown or paved highway, it would be necessary for him to cross defendants' land and the southern right of way of the railroad, the railroad itself, and the northern right of way of the railroad. The defendant platted a street called Garden Street from the plaintiff's land northward to the right of way of the railroad, which street was laid out across the entire property owned by the defendants, between plaintiff's land and the railroad right of way. It was contended by the plaintiff that there was an old road known as Jefferson Street and parallel with Garden Street and situated about 314 feet west of said Garden Street. This Jefferson Street crossed the railroad right of way and the railroad track. It does not appear from the record whether this was a public crossing or not. The plaintiff alleged that the defendant had closed or obstructed this space known as Jefferson Street, and that by reason thereof plaintiff had no outlet to the paved highway, and as a result of the closing of the space known as Jefferson Street, it became necessary for plaintiff to discontinue his brick plant because of lack of access thereto. The defendant contended that Garden Street was opened up entirely across his land to the railroad right of way.

At the conclusion of plaintiff's evidence there was a judgment of nonsuit, and the plaintiff appealed.

*F. W. Williams, R. M. Weaver and Hastings & Booe for plaintiff.*
*Walter E. Brock for defendants.*

BROGDEN, J. The plaintiff alleged in his complaint "that the defendants designated and stipulated a road a "way of necessity" over their own land to the public highway, the same to be used for the benefit of plaintiff, and described as follows: "This property will have road platted to Walkertown or paved highway." In paragraph 6 of the complaint plaintiff alleged: "That on or about 15 August, 1923, the defendant closed or caused to be closed said road or 'way of necessity' to the said tract of land." It was further alleged that, as a result of closing said "way of necessity" the plaintiff sustained damage because he "was surrounded and hedged in and had no outlet, and was precluded from hauling material and wood for the burning of brick, and was unable to get other land for the purpose of carrying on his work in making brick and doing other work necessary on the yard as brick-makers."

The defendant admitted the fourth allegation of the complaint, in which it was alleged that the defendants designated and stipulated a "way of necessity" over their land.

It is apparent therefore that the sole cause of action alleged in the complaint was the failure of the defendant to furnish a "way of necessity" over his land.

It is further apparent that the covenant in the deed, "This property will have a road platted to Walkertown or paved highway," has been construed by the parties in their pleadings as confining the scope of this case to a "way of necessity."

This cause was considered by the Court in *Brick Co. v. Hodgin,* 190 N. C., 582. *Justice Varser,* speaking for the Court in the former appeal, says: "However, the parties stipulated for a 'way of necessity' to the Walkertown highway, their rights thus established are the same as when 'a way of necessity' to the designated highway had been established *in invitum.* It is the right of plaintiff to pass over the defendant's lands, owned by him 2 February, 1923 (the date of the deed), to the Walkertown highway. The vendor selects the way and if he fails to select, the vendee may select. This way is one of necessity, and therefore not one of convenience."

This declaration of the law contains three distinct and clear cut propositions:

1. The parties contracted for a way of necessity over the land of defendant, owned by him the date the deed was executed and delivered.

2. The vendor has a right to select the way.

3. The convenience of the parties claiming a "way of necessity" is not the controlling consideration.

*Justice Varser* says further: "Of necessity such a road may be located, according to the evidence, in more than one place, and the contract for such a road would be satisfied when the necessity, and not the convenience, is met."

The theory upon which the case was tried, as reported in 190 N. C., 582, and the theory upon which the present case has been tried, was that the space known as Jefferson Street was a "way of necessity" to which the plaintiff was entitled, and that the defendant had closed or obstructed said "way of necessity." In the former appeal the Court declared the principles of law governing the rights of the parties. "A decision by the Supreme Court on a prior appeal, constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal." *Stacy, J. Ray v. Veneer Co.,* 188 N. C., 414. See, also, *Harrington v. Rawls,* 136 N. C., 65; *Nobles v. Davenport,* 185 N. C., 162.

The present record discloses the fact that the space known and designated as Jefferson Street was not a public road, but was the property of H. O. Dixon, who testified that he owned all the land designated as Jefferson Street and had owned it since 1921. Therefore, Jefferson

MOORE *v.* INSURANCE CO.

Street did not cross the property of the defendant at all, hence, under the decision in the former case, and under the pleadings appearing in the record, the defendant discharged his obligation to the plaintiff when he platted across the land owned by him on 2 February, 1923, a reasonably proper outlet for the plaintiff. "It has been the invariable rule with us to hear a cause here according to the theory upon which it was tried in the Superior Court." *Webb v. Rosemond,* 172 N. C., 848; *Allen v. R. R.,* 119 N. C., 710; *Coble v. Barringer,* 171 N. C., 445; *Shipp v. Stage Lines, ante,* 475.

Therefore, it appearing that the cause of action alleged in the complaint was based solely and entirely upon a "way of necessity" across the land of the defendant, and it further appearing that the defendant has provided a way across his land, the judgment of the trial judge was correct.

No error.