### J. R. NEWBERN v. WESTERN UNION TELEGRAPH CO.

(Filed 12 September, 1928.)

**Appeal and Error—Determination and Disposition of Cause— Proceedings in Lower Court After Remand—Law of the Case.**

> Where it plainly appears from the pleadings, records and briefs on a former appeal to an opinion of the Supreme Court that all matters involved therein had been decided adversely to the appellant except one upon which a new trial had been ordered, the decision thereon is the law of the case and will not be considered again upon a second appeal involving them.

CIVIL ACTION, before *Clayton Moore, Special Judge,* at June Term, 1928, of PASQUOTANK.

The plaintiff brought an action against the defendant for damages for negligence in the transmission of a telegram for the sale of sweet potatoes.

Issues of negligence, contributory negligence, notice and damages were submitted to the jury and answered in favor of the plaintiff. The jury awarded $500.00 damages. From judgment upon the verdict the defendant appealed.

*Aydlett & Simpson for plaintiff.*
*C. W. Tillett, Thompson & Wilson for defendant.*

BROGDEN, J. This cause was considered by the Court, on a former appeal, from a judgment of nonsuit, and is reported in 195 N. C., 258, where the facts are fully set out. The questions then presented to this Court for consideration were thus stated: "The defendant denied negligence and set up: (1) the plea of contributory negligence; and (2), that the plaintiff failed to present his claim for damages in writing within sixty days after the alleged message was filed for transmission." In the former opinion the Court declares: "We think the court below was in error in sustaining defendant's motion for judgment as in case

of nonsuit under C. S., 567 . . . . We do not repeat or discuss the evidence as the case goes back to the court below to be tried on the issue arising on the pleadings."

The pleadings in the former case are identical with those in the case at bar and raise issues of negligence, contributory negligence, notice and damages. While the opinion discussed the aspect of notice only, a consideration of all that was set out in the former appeal clearly indicates that the Court was of the opinion, and so decided that the case should be submitted to the jury upon its merits and upon all issues arising upon the pleadings. This conclusion is fortified by the fact that defendant's brief in the former appeal specifically urged the contributory negligence of plaintiff as a bar to his right of recovery, because such contributory negligence "was the proximate cause of the alleged damages." Authority was cited in support of the position so taken by the defendant. The former opinion therefore becomes the law of the case; that is to say, "a decision by the Supreme Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal." *Ray v. Veneer Co.,* 188 N. C., 414, 124 S. E., 756; *Mfg. Co. v. Hodgins,* 192 N. C., 577, 135 S. E., 466.

The evidence tending to show that the plaintiff delivered to the carrier sweet potatoes, as specified in the contract, was uncertain, weak and hazy, and the jury might well have found that the plaintiff had not delivered potatoes of the quality specified in the contract of purchase. However, upon a close examination of the testimony in a light most favorable to the plaintiff, we cannot say that there was no evidence of such delivery.

No error.