JOHN A. MAYO v. COMMISSIONERS OF BEAUFORT COUNTY.

(Filed 12 September, 1928.)

**Taxation—Constitutional Requirements and Restrictions—Right of Counties to Issue Bonds Without Approval of Voters under County Finance Act.**

Under the provisions of the Municipal Finance Act, ch. 81, Public Laws of 1927, by proceedings duly had under proper resolution, a county may issue bonds for funding valid and binding obligations incurred prior to 1 July, 1927, for the necessary expenses of the county.

APPEAL by plaintiff from *Small, J.,* at Chambers, Elizabeth City, 8 August, 1928. From BEAUFORT.

Civil action to determine the validity of certain proposed bonds of Beaufort County.

At the regular August, 1928, meeting of the board of commissioners of Beaufort County, a resolution was duly adopted, agreeably to the provisions of chapter 81, Public Laws of 1927, authorizing the issuance of Beaufort County bonds in the sum of $125,000.00 for the purpose of funding the outstanding indebtedness of said county, exclusive of school indebtedness, incurred prior to 1 July, 1927, which said indebtedness was contracted for the necessary expenses of the county.

From a judgment sustaining a demurrer to the complaint and holding the bonds in question to be valid obligations of Beaufort County and denying the prayer for injunctive relief, the plaintiff appeals, assigning error.

*S. M. Blount for plaintiff.*
*Harry McMullan for defendants.*

STACY, C. J. As the bonds in question are to be issued in accordance with the provisions of the County Finance Act, chapter 81, Public Laws 1927, for the purpose of funding valid and binding obligations of Beaufort County, incurred prior to 1 July, 1927, for the necessary expenses of the county, the special county purposes appearing from resolutions duly adopted, it is difficult to perceive upon what ground the bonds may be successfully assailed in view of our holdings in *Commissioners of McDowell v. Assell,* 194 N. C., 412, 140 S. E., 34, affirmed on rehearing, 195 N. C., 719, 143 S. E., 474, and *R. R. v. Cherokee County,* 195 N. C., 756, 143 S. E., 467. On authority of the holdings in these cases, the judgment in the instant case must be upheld.

Affirmed.