ARVILLE MASTEN AND LILLIE MASTEN v. THE TEXAS COMPANY, H. C. WEAVIL AND C. B. YOKELEY.

(Filed 26 April, 1933.)

**Appeal and Error L e—Decision on former appeal as to the sufficiency of the evidence is controlling at subsequent trial on same evidence.**

Where on an appeal the question of the sufficiency of the evidence to be submitted to the jury is decided by the Supreme Court according to the contentions of the plaintiff, and no petition for rehearing is filed, the decision of the court constitutes the law of the case both in subsequent

proceedings in the trial court and on subsequent appeal to the Supreme Court, and where the evidence on the subsequent trial is practically identical with the evidence on the first trial, the defendant may not again raise the question of its sufficiency.

APPEAL by defendant, the Texas Company, from *Harding, J.,* at June Term, 1932, of FORSYTH. Affirmed.

The issues submitted to the jury in the Forsyth County Court and their answers thereto, were as follows:

"1. Has the defendant, the Texas Company, polluted the subterranean water and well of the plaintiffs, as alleged in the complaint? Answer: Yes.

2. If so, what amount of permanent damages, if any, are the plaintiffs entitled to recover of the defendant? Answer: None.

3. If so, what amount of temporary damages, if any, are the plaintiffs entitled to recover of the defendant? Answer: $400.00."

On the verdict the Forsyth County Court rendered judgment for plaintiffs. The defendant, the Texas Company, made numerous exceptions and assignments of error and appealed to the Superior Court; and defendant's exceptions and assignments of error were overruled and no error found in the trial in the Forsyth County Court and the judgment of the court below sustained. The defendant made numerous exceptions and assignments of error to the ruling of the Superior Court and appealed to the Supreme Court.

*Elledge & Wells for plaintiffs.*
*Fred S. Hutchins and H. Bryce Parker for defendants.*

CLARKSON, J. We think the question to be decided in this action is set forth in plaintiffs' brief, as follows: "After an appellate court of the highest jurisdiction has passed upon a given statement of facts and found that a plaintiff is entitled to go to the jury on those facts, and no rehearing is requested, can the defendant again raise the question of the sufficiency of the evidence on almost identically the same evidence upon a second appeal, after the court has directed that that evidence be submitted to the jury?" We think not.

This case was here at the Fall Term, 1927, and the decision is reported in 194 N. C., 540. In that case the Forsyth County Court had nonsuited the plaintiffs in regard to the liability of the defendant the Texas Company. Upon an appeal from the judgment of nonsuit to the Superior Court, the Forsyth County Court was reversed by the Superior Court and the case remanded with instructions to submit the evidence to the jury. From this judgment of the Superior Court the defendant, the Texas Company, appealed to the Supreme Court. The judgment of

the Superior Court was affirmed by this Court. In the decision of this Court in this action, above set forth, the question of the liability of the defendant, the Texas Company, was fully discussed. The question of whether there was sufficient evidence to be submitted to the jury as to the defendant, the Texas Company, for the injuries complained of by plaintiffs, as well as the sufficiency of the evidence on the proximate causes of the damage to plaintiffs' well was fully considered.

The evidence in the present action is practically the same as passed on in the former appeal in this action. The able judge in the Forsyth County Court tried the case in accordance with the former decision of this Court, and on appeal to the Superior Court all the exceptions and assignments of error on the part of the Texas Company were overruled. It made numerous exceptions and assignments of error and appealed to this Court. There was no petition on the former appeal for a rehearing. Rules of Practice in the Supreme Court, 44—200 N. C., at p. 838. We think the whole matter is *res judicata.*

"His Honor charged the jury in almost the identical language of our former opinion. The decision on the first appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal here. *Harrington v. Rawls,* 136 N. C., 65; *Gordon v. Collett,* 107 N. C., 362." *Nobles v. Davenport,* 185 N. C., 162, 163. *Mfg. Co. v. Hodgins,* 192 N. C., 577; *Jessup v. Nixon,* 199 N. C., 122.

We see no error in the admission or exclusion of evidence on the trial. In the judgment of the court below, we find no error.

Affirmed.