WESTERN CAROLINA POWER COMPANY v. R. M. YOUNT AND UNITED STATES FIDELITY AND GUARANTY COMPANY

and

MRS. J. B. (EDNA) ROBINETTE ET AL. AND J. C. RUDISILL AND CLARENCE CLAPP, RECEIVERS, v. R. M. YOUNT, INDIVIDUALLY AND AS EX-CLERK, AND THE UNITED STATES FIDELITY AND GUARANTY COMPANY AND WESTERN CAROLINA POWER COMPANY.

(Filed 1 May, 1935.)

1. **Appeal and Error L d—**

A decision of the Supreme Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court, and on a subsequent appeal.

2. **Actions C c—**

Consolidation of summary proceedings on bond of clerk instituted under C. S., 356, with action instituted by other creditors of clerk *held* not error.

3. **Receivers E b: Principal and Surety C c—Institution of proceedings under C. S., 356, held not to create priority over other creditors.**

The fact that one creditor of a clerk instituted summary proceedings on his bond under C. S., 356, prior to the institution of action by other creditors of the clerk *is held* not to create a priority in favor of such creditor in the absence of laches on the part of the general creditors, where the summary proceeding was consolidated with the general creditors' bill and a receiver appointed therein, since C. S., 356, has no provision giving a preference to the party or parties first seeking such summary remedy, and the appointment of a receiver prevents a party from obtaining a preference by way of prior judgment.

4. **Receivers E b—**

Preferences are not favored by the law and can only arise by reason of some definite statutory provision or some fixed principle of common law which creates special and superior rights in certain creditors over others.

POWER CO. *v.* YOUNT AND ROBINETTE *v.* YOUNT.

5. **Principal and Surety B c—Presumption that default occurred when funds were paid to clerk held not rebutted in this case.**

The facts found by the court *held* not to warrant the conclusion that part of the funds paid by claimant to the defaulting clerk were found segregated from other funds in the clerk's hands during a subsequent term of his office so as to rebut the presumption that default was made when the funds were received by the clerk, and claimant's contention that the funds were so segregated and that claimant was entitled to assert its claim therefor against the bond for the subsequent term cannot be sustained.

APPEAL by the plaintiff Western Carolina Power Company from *Harding, J.*, at July Term, 1934, of CATAWBA. Affirmed.

The facts necessary to an understanding of the case are stated in the opinion.

*W. A. Self, W. B. McGuire, Jr., and W. S. O'B. Robinson, Jr.,* for appellant.

*J. L. Murphy, T. P. Pruitt, and E. B. Cline for Mrs. Robinette et al.,* and for the receivers, appellees.

SCHENCK, J. This case was before this Court at the Fall Term, 1933, and is reported in 205 N. C. Reports, at page 321, where a clear and comprehensive statement of the case as it had developed up to that time is set forth. The case was then presented to this Court on an appeal by the plaintiff Western Carolina Power Company from an order of the Superior Court dismissing the summary proceeding instituted by said plaintiff under and by virtue of C. S., 356. The defendant United States Fidelity and Guaranty Company had moved the Court to either consolidate the summary proceeding with the action instituted by Mrs. Robinette *et al.* against the clerk, to which the Guaranty Company, his bondsman, was likewise party defendant, or to dismiss said proceeding, and the Superior Court below entered an order of dismissal, and in reversing this order this Court said: "We think the action, or summary proceeding, should have been consolidated and not dismissed under the facts and circumstances of this case." Pursuant to this opinion, the Superior Court subsequently ordered the summary proceeding and the action instituted by Mrs. Robinette *et al.* consolidated.

The present appeal is from a judgment based upon facts found by the court after amended and additional pleadings had been filed and after a trial by jury had been waived. The exceptive assignments of error, which are confined to conclusions of law, assail the judgment for that (1) it consolidated the summary proceeding instituted by the plaintiff under C. S., 356, with the civil action instituted by Mrs. Robinette *et al.,* wherein a receiver was appointed to preserve the assets of the

insolvent clerk, and (2) it denied to the appellant a preference over other creditors of the clerk, and (3) it precluded the appellant from asserting a portion of its claim against the bond of the clerk for his second term of office.

The order consolidating the summary proceeding with the action instituted in behalf of other creditors, since it was made in conformity with the former opinion in this case, is binding upon the appellant and pretermits, if it does not preclude, any discussion of objections and exceptions thereto. "A decision by the Supreme Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal." *Newbern v. Telegraph Co.,* 196 N. C., 14; *Nobles v. Davenport,* 185 N. C., 162. Albeit, we here reiterate that the consolidation was in accord with the practice recognized and frequently exercised by our courts. "The object of consolidating two or more actions is to avoid a multiplicity of suits, to guard against oppression or abuse, to prevent delay, and especially to save unnecessary cost or expense; in short, the attainment of justice with the least expense and vexation to the parties litigant." N. C. Prac. and Proc. (McIntosh), par. 506, pp. 536-7.

The judgment of the Superior Court provides, *inter alia,* that the "Western Carolina Power Company is not entitled to any preference or priority in the payment of its claim, but that it is only entitled to pro rate with other creditors," and this provision is challenged by the appellant's assignments of error. The sole ground upon which the appellant claims that it is entitled to a preference is the fact that it instituted a summary proceeding under C. S., 356, one day before Mrs. Robinette instituted her action on behalf of herself and other creditors of the insolvent clerk. While C. S., 356, gave to the plaintiff the right to move for a judgment upon the bond of the clerk, this was merely one course, of several, open for the plaintiff to pursue. There is no provision in the statute giving a preference to the party or parties who first seek such summary remedy. And, withal, before any claim, preferential or otherwise, can be established under this statute, notice must be given, the court must try the cause, and judgment must be obtained. The appointment of a receiver, and the restraining of creditors from instituting or pursuing actions already instituted, prevented a movant under this statute from obtaining a preference, just as it did any plaintiff who had instituted an action under C. S., 355 and 356, or 475, from obtaining a preference by way of a prior judgment. We do not think that it was ever intended that the mere lodging of a motion under C. S., 356, established a preference, or right to establish a preference, over other creditors when such other creditors had been guilty of no laches in asserting their claims. It cannot be justly or consistently maintained by the

plaintiff that the other creditors of the insolvent clerk have been guilty of laches in instituting action for their claims, since such action was instituted by Mrs. Robinette within one day of the time in which the plaintiff moved under C. S., 356, and before the expiration of the ten days notice stipulated in the statute. Preferences are not favored by the law, and can only arise by reason of some definite statutory provision or some fixed principle of common law which creates special and superior rights in certain creditors over others.

The appellant challenges the judgment below for that it precludes it from asserting $5,500 of its claim against the bond of the clerk for his second term of office. While admitting that the money which it paid into the office of the clerk was paid during his first term of office, and while admitting that when a public officer, upon demand, fails to pay over funds deposited with him, the law presumes that the default occurred when the funds were received by him, *State ex rel. Gilmore v. Walker*, 195 N. C., 460, as to a portion of the funds deposited by it the appellant contends that this presumption has been, as may be, rebutted, *Gilmore v. Walker, supra*. While we concur in this proposition of law, we do not agree with the appellant's contention that the facts as found by his Honor warrant the conclusion that any portion of the funds deposited by it were actually found segregated from other funds in the hands of the clerk during his second term of office.

As was stated on the former appeal, this case is distinguishable from *State v. Gant*, 201 N. C., 211. In that case there was no other suit of creditors pending, either when the motion for summary judgment under C. S., 356, was lodged, or while the motion was pending, or during the trial thereon; consequently, neither the question of consolidation nor of receivership nor of preference was presented. The record in that case does reveal that the movants for summary judgment, the plaintiffs, did invite and request another large claimant, the board of county commissioners, to join in a receivership proceeding, and that the invitation and request were declined. That record further reveals that while it was urged in the Supreme Court by the defendant surety company that there should have been a consolidation of the summary proceeding with a suit in behalf of the other creditors of the clerk, no motion for such consolidation was made in the trial of the cause below, and for that reason the question of consolidation could not be considered by the Supreme Court.

The judgment of the Superior Court is

Affirmed.