WILMA E. FERRELL v. METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 18 September, 1935.)

**1. Trial D a—**

    A motion as of nonsuit must be made at the close of plaintiff's evidence, and, if overruled, at the conclusion of all the evidence, or question of the sufficiency of the evidence will be deemed waived. C. S., 567.

**2. Same—**

    A judgment as of nonsuit entered by the trial court of its own motion will not be held for error when the evidence would justify a directed verdict, a nonsuit and a directed verdict having the same legal effect.

**3. Appeal and Error L a: L d—Decision on former appeal constitutes the law of the case upon subsequent hearing and appeal.**

    Where it is determined on appeal that the evidence warranted the submission of the case to the jury, and the case is remanded, upon a subsequent hearing upon substantially the same evidence, the refusal of the trial court to submit the case to the jury is error, the former decision constituting the law of the case both in subsequent proceedings in the trial court and on a subsequent appeal.

APPEAL by plaintiff from *Cranmer, J.,* at March Term, 1935, of CURRITUCK. Reversed.

This is an action by plaintiff to recover of defendant the sum of $2,000.00 on a life insurance policy.

*C. R. Morris and John H. Hall for plaintiff.*
*Worth & Horner for defendant.*

CLARKSON, J. At the close of plaintiff's evidence, the defendant did not make a motion for judgment as in case of nonsuit. C. S., 567. The record discloses "at the conclusion of all the testimony the Court, of its own volition, ordered that judgment of nonsuit be entered."

In *Nowell v. Basnight,* 185 N. C., 142 (147), "The following may be considered as fairly interpretative of C. S., 567 . . . Time of making motion—It must be made first at the close of plaintiff's evidence and before defendant introduces any evidence." By the failure of defendant to follow strictly C. S., 567, the question of the insufficiency of evidence is waived. *Harrison v. Ins. Co.,* 207 N. C., 487 (490).

A nonsuit and dismissal under the Hinsdale Act has the same legal effect as a directed verdict, and where, in an action on a note, there is no evidence in contradiction of defendant's evidence constituting a complete defense to the action, a judgment as of nonsuit will not be held for error, since the evidence would support a directed verdict in defendant's favor, the court not weighing the evidence, but taking it to be true. *Hood, Comr. of Banks, v. Bayless,* 207 N. C., 82.

On the former appeal, 207 N. C., 51 (51-2), this Court said: "The plaintiff made out a *prima facie* case. The defendant offered evidence tending to show that the policy in suit lapsed for nonpayment of semi-annual premium due 26 October, 1932. The credibility of defendant's defense was challenged by plaintiff's denial of assured's signature to the written acknowledgement. This made it a case for the jury."

In *Power Co. v. Yount and Robinette v. Yount, ante,* 182 (184), it is written: " 'A decision by the Supreme Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal.' *Newbern v. Telegraph Co.,* 196 N. C., 14; *Nobles v. Davenport,* 185 N. C., 162."

We do not set forth the evidence as the case is to be heard again. As stated in the former opinion, "This made it a case for the jury."

The judgment of the court below is

