T. M. STANBACK, ADMINISTRATOR ·OF T. C. INGRAM, DECEASED, v. ANNIE HAYWOOD, WIDOW OF W. F. HAYWOOD, C. T. HAYWOOD AND WIFE, MYRTLE HAYWOOD, D. C. HAYWOOD AND WIFE, ADNA HAYWOOD, ET AL.

(Filed 4 May, 1938.)

**Appeal and Error § 50—The decision on a former appeal becomes the law of the case, both upon subsequent hearing and subsequent appeal.**

When the effect of the decision on a former appeal is that the evidence of a parol contemporaneous agreement alleged by defendants was competent and sufficient to be submitted to the jury, the decision becomes the

law of the case, and it is error for the lower court upon the subsequent hearing upon substantially the same evidence to hold the evidence incompetent and insufficient to be submitted to the jury.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by the defendants from *Rousseau, J.,* at November Term, 1937, of MONTGOMERY. New trial.

*Chas. A. Armstrong, Douglass & Douglass, and Murray Allen for plaintiff, appellee.*
*R. T. Poole, Stahle Linn, and R. L. Smith & Sons for defendants, appellants.*

SCHENCK, J. This was a suit to foreclose a mortgage for $16,000 given to the plaintiff's intestate by the defendants to secure eight notes for $2,000 each, four of which have been paid, and to collect any deficiency after application to the debt of the amount received from the foreclosure sale.

The defendants in their answer admitted the execution of the notes and mortgage referred to in plaintiff's complaint, and in their further defense alleged that contemporaneously with the execution of said notes and mortgage a parol agreement was entered into between them and the plaintiff's intestate to the effect that in the event the defendants were unable to pay the balance due on said notes, said intestate would not foreclose said mortgage, but would accept in full satisfaction of any such balance due a reconveyance to him of the land described in the mortgage securing the notes, which were given for the purchase price of said land.

This case was before us upon an appeal of the plaintiff at the Spring Term, 1936 (209 N. C., 798), and a new trial was granted on account of the insufficiency of the issues submitted to support the judgment awarded, in that they left undetermined the question as to the defendants' inability to pay the balance due on the notes. However, the effect of the opinion was to hold that the evidence introduced by the defendants in support of their allegation of a contemporaneous parol agreement was competent and sufficient to carry the case to the jury upon proper issues presenting the questions raised by such allegation.

This appeal presents the same question which was raised and decided on the former appeal, namely, the competency, and the sufficiency thereof to carry the case to the jury, of the evidence as to the alleged contemporaneous agreement between the plaintiff's intestate and the defendants. The witnesses testified substantially the same at the two trials. This being so, the court was in error in holding that the evidence of these witnesses was incompetent and insufficient to be submitted to the jury. "A decision by the Supreme Court on a prior appeal constitutes the law

of the case, both in subsequent proceedings in the trial court and on a subsequent appeal. *Newbern v. Telegraph Co.,* 196 N. C., 14; *Nobles v. Davenport,* 185 N. C., 162; *Power Co. v. Yount* and *Robinette v. Yount,* 208 N. C., 182 (184)." *McGraw v. R. R.,* 209 N. C., 432 (438).

New trial.

SEAWELL, J., took no part in the consideration or decision of this case.