## MRS. IRENE ROBINSON v. L. F. McALHANEY.

(Filed 3 January, 1940.)

**1. Courts § 2a—**

The jurisdiction of the Superior Court on an appeal from a general county court is an appellate jurisdiction limited to matters of law only which are properly presented by errors assigned, and the Superior Court may either affirm or modify the judgment of the general county court or remand the cause for a new trial.

**2. Appeal and Error § 2—**

An appeal will lie to the Supreme Court from a judgment of the Superior Court entered on an appeal from a general county court, Public Laws of 1923, chapter 216, as amended by Public Laws of 1933, chapter 109 (Michie's Code, 1608 [cc]).

**3. Appeal and Error § 6c: Judgments § 22i—**

On appeal to the Superior Court from the general county court the Superior Court affirmed the verdict on one of the issues. *Held:* If plaintiff deemed that the judgment of the Superior Court in this respect was error, her sole remedy was by exception and appeal to the Supreme Court, and if she deems there is error in the decision of the Supreme Court, her sole remedy is by application for a rehearing.

**4. Appeal and Error § 49a—The decision of the Supreme Court on appeal becomes the law of the case both in subsequent proceedings in the trial court and upon subsequent appeal.**

The Superior Court on appeal from a general county court entered judg- ,ment granting a new trial on two of the issues relating to damages and

affirmed the verdict on all other issues, which included an issue relating to damages answered in favor of defendant. The judgment of the Superior Court was affirmed on appeal to the Supreme Court. *Held:* The judgment of the Supreme Court becomes the law of the case both in subsequent proceedings in the trial court and upon subsequent appeal, and it was error for the county court upon the subsequent trial to permit the jury to consider elements of damages embraced in the issue theretofore adjudicated in defendant's favor.

5. **Master and Servant § 7c—In employee's suit for breach of contract, damages should be limited to those accrued on date of institution of action.**

   Plaintiff alleged that defendant authorized her to procure a lease on a certain tourist home and have sole charge of the operation of it for a period of five years, plaintiff to be paid a percentage of the gross receipts for her services. Plaintiff instituted this action for breach of contract before the termination of the five-year period. *Held:* Plaintiff's recovery should be limited to the damages accrued at the time of the institution of the action, and the action of the trial court in permitting the jury to compute damages on the basis of the compensation plaintiff would have received for the entire five-year period, while limiting the deduction of the amount plaintiff earned, or could have earned in other employment in the exercise of due diligence, from the date of the breach to the date of the institution of the action, is error.

APPEAL by plaintiff from *Pless, J.,* at June Term, 1939, of BUNCOMBE.

Civil action instituted 8 July, 1937, in general county court of Buncombe County, for recovery of damages for breach of contract.

The case came to this Court on former appeal from a judgment at the April Term, 1938, of the Superior Court of Buncombe County, on appeal thereto by defendant from judgment on verdict of the jury in general county court of said county. 214 N. C., 263, 199 S. E., 26.

The terms of the contract sued upon and established by the verdict, briefly stated, are these: That in February, 1936, it was agreed between plaintiff and defendant that if she would procure a lease on tourist home owned by H. L. Lambert and consisting of store, restaurant, rooms and cabins, located at the entrance of Great Smoky Mountain Park above the Cherokee Indian School in Swain County, and give to the defendant the benefit of her experience and good will in the community, and her knowledge of trading with the Indians, he would finance the entire proposition, furnish the necessary funds for the payment of rents, purchase of Indian craft, and all expenses incidental to such business, and provide for plaintiff and her two daughters board and lodging on the premises, and allow her three and one-half per cent of the gross receipts of the business—she to manage the business, be in full, complete and sole charge of the premises; that she obtained a five-year lease for defendant to become effective on 1 April, 1936, and that she remained upon the

premises and complied with the terms of the agreement until 1 June, 1936, during which period the defendant breached the contract in numerous respects.

Adverting to the former appeal, it will be noted that after considering and ruling upon each of the various exceptions then assigned as error, the judge of the Superior Court sustained the verdict (a) on the first and second issues, which established the contract and the breach of it, and (b) on the fourth issue: "What amount, if any, is plaintiff entitled to recover of defendant on account of board for herself and two daughters, as alleged in the complaint? Answer: 'None.'" But the court set aside the verdict on the third, fifth and sixth issues.

In judgment then signed it is stated that the verdict on the fourth issue "shall not be set aside, but shall remain in full force and effect as the verdict of the jury, for that there was no reversible error committed in the trial relating to said issue, and for the further reason that said issue was answered against the plaintiff, and the plaintiff has not appealed to this Court, and the defendant does not ask that the answer to said issue be set aside."

It further appears that the court ordered "that judgment of the general county court be set aside and the case be remanded thereto for new trial upon only two issues, the fifth and sixth, as follows:

"5. What amount has plaintiff obtained by way of compensation from other employment subsequent to the breach of the contract prior to the 8th day of July, 1937," and "6. What damage, if any, is plaintiff entitled to recover of defendant?"

This judgment of the Superior Court was affirmed on the appeal to this Court.

On re-trial in the general county court the case was submitted to the jury on the said issues as directed. To the issue, "What damage, if any, is plaintiff entitled to recover?" the jury answered: "$4,000," and to the other issue "$400." Thereupon the court entered judgment in favor of the plaintiff for $3,600.

In the course of the second trial, on being cross-examined with reference to her testimony as a witness on former trial, plaintiff testified: "I think I made some statement to that effect then that three and one-half per cent I was to receive from the gross income was to be paid monthly, but it was not definitely agreed as to how it was to be paid. I was to have money any time I needed it, daily, weekly, monthly, any time I needed money I was to take it." Then upon being asked if she did not swear on the former trial that the three and one-half per cent was to be paid monthly, she replied: "That is something near right, with the exception I was not asked anything about putting anything back into the business at that time. That was thoroughly discussed.

We thoroughly discussed it, that we would allow as much to go back into the business as we could possibly do without. In addition to that I testified each month as the business went along he was to pay me three and a half per cent of the gross business shown each month, and that he was to board and furnish room for me and my two children. . . . That is what I said the contract was. I have not changed the contract with Mr. McAlhaney since I was on the stand before. It is just exactly what it was before."

The defendant, having preserved two hundred and fourteen exceptions, appealed to the Superior Court of Buncombe County. In judgment of Superior Court on such appeal the presiding judge, after reviewing the history of the case following the first trial in general county court, and prior to the second trial, states that: "Upon the second trial in the county court, the jury was permitted to take into consideration the value of the board and lodging for plaintiff and her two daughters in answering the issue as to damage, and the position of plaintiff was that she was entitled to recover damages for the breach of the contract for the entire five-year period of the lease in question, and that she was thereby not limited in her recovery to the percentage due her under the contract to the date of the institution of the action; yet the court, while it adopted this theory of the plaintiff, at the same time submitted an issue as to the amount the plaintiff had obtained by way of compensation from other employment and limited it to the period between the date of the breach of the contract and the date of the issuing of summons.

"Upon the argument of the appeal before the Superior Court counsel for the plaintiff stated that the contract between the plaintiff and defendant is not one of partnership, but is one of employment.

"Upon due consideration, the court is of the opinion, in the first place, that the instructions upon the issues submitted were repugnant to each other; and, in the second place, that the court was in error in permitting the plaintiff to recover damages for the period subsequent to the institution of the action, to wit: July 8, 1937, it being the opinion of the court that the plaintiff was limited as a matter of law to such damages as she might establish prior to said date.

"The court, in entering this judgment, does not make any adjudication with regard to the rights of the parties subsequent to the date of the issuing of the summons."

Thereupon the judge ruled upon each of the exceptions assigned, and, after sustaining seventy-one of them, entered judgment (a) that the verdict on the first issue, to wit: "What damage, if any, is plaintiff entitled to recover of defendant? Answer: $4,000," shall be set aside for errors committed by the trial court in the trial of the cause as covered by the exceptions set out in the judgment; (b) that the verdict on the

second issue, to wit: "What amount had plaintiff obtained by way of other employment subsequent to the breach of the contract, and prior to the 8th day of July, 1937? Answer: $400 shall not be set aside, but shall remain in full force and effect as the verdict of the jury, for that there was no reversible error committed in the trial relating to the submission of said issue, and for the further reason that said issue was answered against plaintiff, and plaintiff has not appealed to this court, and defendant has not asked that the answer to this issue be set aside."

Thereupon the court ordered the case to be remanded to the general county court for a new trial "in conformity with this judgment on one issue, namely: 'What damage, if any, is the plaintiff entitled to recover of defendant in conformity with the judgment of this court?'"

Plaintiff appeals therefrom to the Supreme Court, and assigns error.

*Irwin Monk and Weaver & Miller for plaintiff, appellant.*

*Dan K. Moore, B. C. Jones, and Jones, Ward & Jones for defendant, appellee.*

WINBORNE, J. In the main these two questions present the assignments of error debated on this appeal:

1. Where on defendant's appeal thereto from judgment of general county court the Superior Court sustains the verdict on one, and sets aside the verdict, and orders a new trial on the other of two issues with respect to separable elements of damage for breach of contract submitted to and answered by the jury in favor of plaintiff in general county court, and the judgment of Superior Court is affirmed on appeal to Supreme Court, is the judgment *res judicata* of the matters to which the issue, on which the verdict is sustained, relates?

2. Where plaintiff, who has contract of employment for a period of five years at compensation payable in installments, institutes an action for the recovery of damages for breach of such contract before the expiration of the period of time covered thereby, is the recovery limited to damages to date of institution of action?

We are of opinion and hold that these questions are properly answered in the affirmative.

1. The first question, predicated upon a group of assignments of error, is succinctly raised by the ruling of the judge of Superior Court in sustaining exception by defendant to the refusal of general county court to instruct the jury, as requested, "that in considering what damages, if any, the plaintiff is entitled to, it will not take into consideration any damages for board and lodging for the plaintiff and her two daughters for the reason that it has heretofore been determined in this action by a jury verdict that the plaintiff was not entitled to recover therefor."

This request for instruction is based upon the judgment of the Superior Court sustaining the verdict on the fourth issue in former appeal from the general county court.

The Superior Court, as it relates to this action, is a court of appellate jurisdiction of all appeals from the general county court for errors assigned in matters of law only, and may either affirm or modify the judgment of the general county court or remand the cause for a new trial. From the judgment of the Superior Court an appeal may be taken to the Supreme Court, as is provided by law. Public Laws 1923, ch. 216, sec. 18, incorporated in Michie's Code of 1935, as sec. 1608 (cc), as amended by Public Laws 1933, ch. 109. See *Jenkins v. Castelloe,* 208 N. C., 406, 181 S. E., 266; *Smith v. Winston-Salem,* 189 N. C., 178, 126 S. E., 514; *Davis v. Wallace,* 190 N. C., 543, 130 S. E., 176.

"A decision by the Supreme Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal;"—headnote epitomizing decision in *Harrington v. Rawls,* 136 N. C., 65, 48 S. E., 57, cited in numerous decisions of this Court, among which are these: *Nobles v. Davenport,* 185 N. C., 162, 116 S. E., 407; *Ray v. Veneer Co.,* 188 N. C., 414, 124 S. E., 756; *Strunks v. R. R.,* 188 N. C., 567, 125 S. E., 182; *Davis v. Lumber Co.,* 190 N. C., 873, 130 S. E., 156; *Mfg. Co. v. Hodgins,* 192 N. C., 577, 135 S. E., 466; *Moses v. Morganton,* 195 N. C., 92, 141 S. E., 484; *Mayo v. Comrs.,* 196 N. C., 15, 144 S. E., 925; *Ingle v. Green,* 199 N. C., 149, 154 S. E., 83; *S. c.,* 202 N. C., 116, 162 S. E., 476; *Masten v. Texas Co.,* 204 N. C., 569, 169 S. E., 142; *Power Co. v. Yount,* 208 N. C., 182, 179 S. E., 804; *Betts v. Jones,* 208 N. C., 410, 181 S. E., 334; *Ferrell v. Ins. Co.,* 208 N. C., 420, 181 S. E., 327; *Groome v. Statesville,* 208 N. C., 815, 182 S. E., 657; *Dixson v. Realty Co.,* 209 N. C., 354, 183 S. E., 382; *McGraw v. R. R.,* 209 N. C., 432, 184 S. E., 31; *Stanback v. Haywood,* 213 N. C., 535, 196 S. E., 844.

If on the first trial in the present action plaintiff considered that her rights would be prejudiced by the submission of a separate issue with respect to her claim for damages for board for herself and two children, she should have objected and preserved exception to the submission of it and appealed. But having failed to so object and appeal, if there were error in the judgment of the Superior Court in sustaining the verdict on the fourth issue, the remedy then opened to plaintiff was by exception and appeal to the Supreme Court. Then, if there were error in the decision of the Supreme Court, the remedy was solely by application for a rehearing to correct such error. Failing in or to do this, the judgment is *res judicata* and binding in subsequent proceedings in the trial court and on subsequent appeals.

Reference, however, to the record and to brief of plaintiff on the former appeal reveals that while exception is taken to the judgment, it is referred to as formal, and the ruling of the judge below in sustaining the verdict on the fourth issue is not pressed for error.

2. The second question, likewise founded upon series of assignments of error, is raised in summary by the rulings of the judge of Superior Court in sustaining defendant's exceptions to the refusal of the general county court to instruct the jury as requested in these two special instructions: (a) "That when the plaintiff and defendant entered into the contract as set out in the complaint that they agreed upon what amount the plaintiff should receive for her services or her work in connection with said business, so the court charges the jury that in considering the question of damages it cannot allow anything in excess of $3\frac{1}{2}\%$ on the gross receipts which were received in said business, or which would have been received had the plaintiff and defendant continued to operate under the contract as originally entered into, up to and including July 8, 1937, the date on which this action was instituted;" and further, (b) "that the value of the contract to the plaintiff was the sum that she could reasonably expect to obtain from it after the contract was entered into, and the jury cannot, in passing upon any damage, take into consideration any values which it may be contended that the contract had outside of those specified in the contract itself, to wit: $3\frac{1}{2}\%$ on the gross receipts prior to July 8, 1937."

With respect to the question here presented, plaintiff contends that the contract is for the entire five-year period of the lease in question, and that she is not limited in her recovery to the percentage due her under the contract to the date of the institution of the action. On the other hand, the defendant contends that the contract is one of employment and, while it may be entire, the services are to be paid for by installments at stated intervals, and the plaintiff, having elected to sue before the expiration of the life of the contract, is limited in her recovery of damages to the time of the bringing of the suit.

In accepting the latter view, the court seems to have followed well established law in this State. In *Smith v. Lumber Co.*, 142 N. C., 26, 54 S. E., 788, the Court said: "When the contract is entire and the services are to be paid for by installments at stated intervals, the servant or employee who is wrongfully discharged has the election of four remedies: (1) He may treat the contract as rescinded by the breach, and sue immediately on a *quantum meruit* for the services performed; but in this case he can recover only for the time he actually served. (2) He may sue at once for the breach, in which case he can recover only his damages to the time of bringing suit. (3) He may treat the contract as existing and sue at each period of payment for the salary then due.

(We do not consider the right to proper deduction in this case, as it is not now presented.) (4) He may wait until the end of the contract period, and then sue for the breach, and the measure of damages will be *prima facie* the salary for the portion of the term unexpired when he was discharged, to be diminished by such sum as he has actually earned or might have earned by a reasonable effort to obtain other employment."

In the present case plaintiff has elected to pursue the second remedy and is limited in recovery of damages to date of institution of the action.

We have carefully reviewed and considered all other exceptions assigned as error in the record on this appeal, and find no cause to disturb the judgment of the Superior Court from which the appeal is taken.

Affirmed.